TIM PEGRAM v. TOMRICH CORPORATION

No. 6914SC175

(Filed 30 April 1969)

**1. Lis Pendens—  the statutes**

In this State the common law rule of *lis pendens* has been replaced by statute, G.S. 1-116 to G.S. 1-120.1.

**2. Lis Pendens—  action affecting title to realty — personal judgment for payment of money**

An action to secure a personal judgment for payment of money is not an action "affecting title to real property" within the meaning of G.S. 1-116(a)(1), even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant.

**3. Lis Pendens—  action to establish trust**

An action to establish a trust as to certain described real property is an action "affecting title to real property" within the meaning of G.S. 1-116(a)(1), and a valid notice of *lis pendens* may be filed in connection therewith.

**4. Pleadings § 2—  nature of cause of action — determination**

The nature of plaintiff's action must be determined by reference to the facts alleged in the body of the complaint rather than by what is contained in the prayer for relief.

**5. Lis Pendens—  vacating notice of lis pendens**

Order of the trial court vacating plaintiff's notice of *lis pendens is held* proper on the ground that plaintiff's action is not one "affecting title to real property," the allegations of plaintiff's complaint being insufficient to state a cause of action to impress either an express or an implied trust upon the real property described in the notice of *lis pendens*.

**6. Trusts § 1—  creation of express trust in realty — the intention**

An express trust in realty can come into existence only by the execution of an actual intention to create it by the person having dominion over the realty.

**7. Trusts § 13—  creation of resulting trust in realty**

Where plaintiff fails to allege that he furnished any part of the funds with which defendant's lands were purchased, the complaint is deemed insufficient to support the imposition of a resulting trust upon the lands by operation of law.

APPEAL by plaintiff from *Ragsdale, J.,* 6 January 1969 Civil Session of DURHAM Superior Court.

At the time of instituting this civil action on 11 October 1968, plaintiff filed a notice of *lis pendens* against certain described real properties of the defendant and obtained an extension of time in

which to file complaint. Thereafter plaintiff filed complaint in which in substance he alleged: That in January, 1967, plaintiff and defendant entered into an agreement to develop, construct speculative housing on, and sell for profit certain real properties then owned by defendant and to be thereafter acquired, the plaintiff to furnish labor and skill possessed by him and defendant to furnish the properties and capital; that the profits from properties on which plaintiff worked were to be shared equally by the parties; that the plaintiff was to be "General Manager — Building" of defendant corporation, and profits were to be computed after deducting agreed salaries of plaintiff and of the president of the defendant corporation; that on 15 January 1967 plaintiff began performing in accordance with the contract; that on that date the defendant corporation owned certain described real properties and thereafter acquired certain other described properties, and through efforts of the plaintiff the defendant corporation entered into contracts for improving and constructing houses thereon; that on 10 June 1968 defendant repudiated its contract with plaintiff and offered him another substitute contract, unacceptable to him; that plaintiff demanded of defendant an accounting of profits made and to be made and demanded payment of the profits; that defendant paid plaintiff accrued salary but refused to account or pay over any part of the profits due plaintiff on the properties that he had aided in developing and selling. Plaintiff also alleged that "(t)he Plaintiff's remedies at law with regard to the properties still held by the Defendant are inadequate and the Plaintiff is informed and believes that he is entitled to equitable relief regarding these properties." In his prayer for relief plaintiff asked for money judgment in the sum of $9,750.00 "for profits on properties already sold and that the Defendant be declared to hold the properties still in its possession in trust for the mutual use and benefit of Plaintiff and Defendant in accordance with the terms of the contract as alleged."

On motion of defendant, the court entered an order vacating the notice of *lis pendens,* plaintiff excepted and appealed.

*Bobby W. Rogers, for plaintiff appellant.*

*Powe, Porter & Alphin, by E. K. Powe and Willis P. Whichard, for defendant appellee.*

PARKER, J.

[1]    Plaintiff appellant's sole assignment of error is to entry of the order vacating his notice of *lis pendens.* In this State the com-

mon law rule of *lis pendens* has been replaced by statute, G.S. 1-116 to G.S. 1-120.1; *Cutter v. Realty Co.,* 265 N.C. 664, 144 S.E. 2d 882. The applicable statute, G.S. 1-116(a), describes three types of action in which a notice of pending litigation may be filed:

"(1)   Actions affecting title to real property;

"(2)   Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and

"(3)   Actions in which any order of attachment is issued and real property it attached."

Since it is clearly apparent that plaintiff's action in the present case is not of type 2, "to foreclose any mortgage or deed of trust or to enforce any lien on real property," nor of type 3, since no order of attachment has been issued, the notice of *lis pendens* with which we are here concerned is not valid unless, as appellant contends, this is an action "affecting title to real property."

**[2-5]**   An action to secure a personal judgment for payment of money is not an action "affecting title to real property" within the meaning of G.S. 1-116(a)(1), even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant. *Booker v. Porth,* 1 N.C. App. 434, 161 S.E. 2d 767. In his prayer for relief, plaintiff asks for a money judgment and in addition asks "that the Defendant be declared to hold the properties still in its possession in trust for the mutual use and benefit of Plaintiff and Defendant in accordance with the terms of the contract as alleged." Plaintiff contends, therefore, that his action is brought not only to obtain a money judgment but also for the purpose of impressing a trust upon defendant's lands. An action to establish a trust as to certain described real property is an action "affecting title to real property" within the meaning of G.S. 1-116(a)(1), and a valid notice of *lis pendens* may be filed in connection therewith. *Cutter v. Realty Co., supra; Insurance Co. v. Knox,* 220 N.C. 725, 18 S.E. 2d 436. However, the nature of plaintiff's action must be determined by reference to the facts alleged in the body of the complaint rather than by what is contained in the prayer for relief. *Jones v. R. R.,* 193 N.C. 590, 137 S.E. 706; 1 McIntosh, N.C. Practice 2d, § 1111. The only question presented by this appeal, therefore, is whether the facts alleged in plaintiff's complaint are sufficient to state a cause of action to impress a trust upon the real property described in the notice of *lis pendens.* We hold that the facts alleged are not sufficient for that purpose.

**[6]**   Plaintiff has not alleged that his contract with defendant included any express agreement by defendant to hold title as trustee

for the mutual benefit of the parties, either to the lands already owned by defendant when the agreement was made or to the lands which defendant would thereafter acquire with its own funds. There is no allegation that defendant ever in fact had any such intention. Since an express trust can come into existence only by the execution of an actual intention to create it by the person having dominion over the property made subject to it, no facts indicating creation of an express trust have been alleged. 54 Am. Jur., Trusts, § 5, p. 22.

[7] Nor do the facts alleged in plaintiff's complaint support the imposition of a trust upon defendant's lands by operation of law. Plaintiff has not alleged that he furnished any part of the funds with which the lands were purchased. Thus the classical case in which equity will impose a resulting trust, implying the intention to create it as a matter of law, does not exist here. Nor is there any allegation of any fraudulent conduct on the part of defendant so as to support imposition of a constructive trust declaring defendant a trustee *ex maleficio* in order to prevent commission of a fraud.

*Brogden v. Gibson,* 165 N.C. 16, 80 S.E. 966, relied on by appellant, is clearly distinguishable from the present case. In *Brogden v. Gibson, supra,* the plaintiff had alleged, and the jury's verdict had found, that plaintiff and defendant had entered into an oral agreement to buy and sell certain lots, the plaintiff agreeing to do the active business in that behalf and defendant furnishing the money with which to make the purchases, profits to be divided equally between them; that "the defendant secretly and without plaintiff's knowledge, and with the intent to defeat his rights in the contract, caused (the owner from whom the parties were purchasing) to convey the lots to him individually and thereby got control of the title;" that defendant declined to honor his agreement "claiming sole and absolute ownership *in spite of the plain terms of the contract, by which he agreed that the lands should be held in trust for the plaintiff and himself,* as aforesaid, and not for him individually in his own right." (Emphasis added.) Thus, in *Brogden v. Gibson, supra,* there were allegations and proof, both of an express trust created by the contract of the parties, and of fraudulent conduct on the part of the defendant from which equity might have imposed a constructive trust upon him. The trial court, upon the verdict, declared that defendant held the land in trust, "according to the terms of the agreement between the parties." On appeal, this judgment was affirmed by the Supreme Court, the Court stating in an opinion by Walker, J.:

"We cannot doubt for a moment that *the agreement was that the title to the land should be taken in the name of the plaintiff,*

*or, at least, in the joint names of the parties,* as the plaintiff was authorized to sell as well as to buy the lot, and everything necessary to carry out this purpose is implied. It surely was not intended that defendant should be able to block the execution of the agreement by taking the title to himself and refusing to convey." (Emphasis added.)

The Court held in *Brogden v. Gibson, supra,* that the action there was to enforce a parol trust and thus with not within the North Carolina Statute of Frauds.

In the case presently before us, as noted above, there is no factual allegation to support imposition of either an express or an implied trust. Plaintiff's allegation that his "remedies at law with regard to the properties still held by the defendant are inadequate and the plaintiff is informed and believes that he is entitled to equitable relief regarding these properties," alleges no facts and amounts to nothing more than plaintiff's erroneous conclusion of law. The factual allegations in plaintiff's complaint are not sufficient to invoke equitable remedies, and certainly are not sufficient to establish a trust as to the real properties described in the notice of *lis pendens.*

Plaintiff's action is not one "affecting title to real property," and the order vacating his notice of *lis pendens* is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.