PEOPLES FREEDOM BAPTIST CHURCH AND DAVID G. TAYLOR, PLAINTIFFS v. KENNETH WATSON, GEORGE GRIFFEY, MARKUS K. PHILEMON, JIMMY PHILLIPS AND STEVEN DENNIS MONTGOMERY, ORIGINAL DEFENDANT-APPELLEES v. E. WAYNE SMITH, MINNIE C. SMITH, NORTH CAROLINA NATIONAL BANK OF NORTH CAROLINA AND RUSSELL BATTEN, JR., ADDITIONAL DEFENDANTS-APPELLANTS

No. 8518SC1164

(Filed 17 June 1986)

**Lis Pendens § 1— lis pendens not constructive notice of pending litigation**

> The trial court erred in concluding that the notice of *lis pendens* filed by original plaintiffs on 1 March 1983 constituted constructive notice of pending litigation affecting title to the property so as to defeat the additional defendants' claim to title, since plaintiffs' crossclaim against the additional defendants' predecessor in title was not filed until 20 May 1983, 20 days after the additional defendants purchased the property, and *lis pendens* filed by original plaintiffs therefore could not serve as notice of a dispute in ownership between plaintiff church and defendants' predecessor. Furthermore, the additional defendants met their burden of proof as to the absence of actual notice of pending litigation.

APPEAL by additional defendants from *Washington, Judge.* Judgment entered 17 January 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 March 1986.

This appeal concerns an action between the original defendant appellees and the additional defendant appellants to determine the validity of title to real property. Original plaintiffs are not involved in this appeal, their complaint having been dismissed and no appeal was taken on their behalf.

On 1 March 1983, original plaintiffs Peoples Freedom Baptist Church and David G. Taylor, who was then pastor of that church, initiated an action against the original defendants concerning a conflict of ownership and control of the church and its property. Prior to the commencement of that action, a dispute arose among the membership of Peoples Freedom Baptist Church. A certain group of the church, including original defendants Kenneth Watson, George Griffey, Markus Philemon, and Jimmy Phillips, found it necessary to remove themselves from the church premises in order to peacefully conduct worship. On 22 November 1982, the members of the church who had removed themselves met and agreed to continue their worship and the existence of the church. At this meeting, a proper number of the members of Peoples Freedom Baptist Church attended and agreed to change the name of the corporation to Fraley Road Baptist Church. The members also installed the above named original defendants as the deacon board and board of directors of the church. Articles of Amendment to the charter of the corporation were duly executed and filed with the Secretary of State of North Carolina.

On 28 January 1983, after unsuccessfully seeking a loan, the board of directors of the Fraley Road Baptist Church executed a contract with the fifth original defendant Steven Dennis Montgomery, whereby Montgomery was deeded the church property for a period until 15 April 1983 as security for repairs he was to perform for the church. At this point, the original plaintiffs David G. Taylor and Peoples Freedom Baptist Church initiated their action to regain control of the church property from the directors representing the Fraley Road Baptist Church and from Steven Montgomery who held the deed to the property at that time. A notice of *lis pendens* was filed along with the complaint on 1 March 1983.

On or about 14 April 1983, Steven Montgomery conveyed the church property to E. Wayne Smith and wife, Minnie C. Smith, without prior notice to original defendants Watson, Griffey, Philemon, and Phillips, or Fraley Road Baptist Church. The Smiths concurrently mortgaged the property to Russell Batten, Jr., Trustee for NCNB National Bank of North Carolina (NCNB) to finance the purchase. Mr. Batten conducted a title examination in conjunction with the loan, but found no defects in the title. The

instruments conveying title to the Smiths and evidencing the mortgage were recorded on 15 April 1983.

On 5 May 1983, original defendants Watson, Griffey, Philemon, and Phillips filed a crossclaim against original defendant Steven Montgomery attempting to set aside his conveyance to the Smiths. On that same date the four original defendants also filed what was denominated a counterclaim, naming the Smiths, NCNB and the Trustee as additional defendants. This counterclaim sought to set aside Montgomery's conveyance of the property to the Smiths and the deed of trust from the Smiths in favor of NCNB.

On 14 July 1983, an order was entered in superior court resolving the claims among the original parties. On 17 January 1985, the trial court entered judgment declaring both the deed from Steven Montgomery to the Smiths and the Deed of Trust from the Smiths to NCNB "null, void and set aside." The trial court also declared Watson, Griffey, Philemon and Phillips, as trustees for Fraley Road Baptist Church, the lawful owners of the church property. From the judgment of the trial court, the additional defendants appeal.

*Roberson, Haworth and Reese, by William P. Miller, for original defendant appellees.*

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Malcolm B. Blankenship, Jr., for additional defendant appellants.*

ARNOLD, Judge.

The additional defendants contend that the trial court erred in concluding that the notice of *lis pendens* filed by original plaintiffs on 1 March 1983 constituted constructive notice of pending litigation affecting title to the property so as to defeat the additional defendants' claim to title. We agree.

The doctrine of *lis pendens* is firmly established and provides that:

> When a person buys property pending an action of which he has notice, actual or presumed, in which the title to it is in issue, from one of the parties to the action, he is bound by the judgment in the action, just as the party from whom he bought would have been.

*Rollins v. Henry,* 78 N.C. 342, 351 (1878); *see also Hill v. Memorial Park,* 304 N.C. 159, 282 S.E. 2d 779 (1981). In this case the original plaintiffs filed their *lis pendens* on 1 March 1983 providing notice of their action and claim to title as against the directors of Fraley Road Baptist Church and Steven Montgomery. When the Smiths purchased the property and obtained a mortgage in favor of NCNB on 15 April 1983, the action by original plaintiffs was the only pending litigation affecting title to the property. The denominated crossclaim of the original defendants against Steven Montgomery was not filed until 5 May 1983, some 20 days after the Smiths had purchased the property from Montgomery. Since the crossclaim was not pending when the property was purchased by the Smiths, we hold that the *lis pendens* filed by original plaintiffs giving notice of their litigation and claim of ownership of the property cannot serve as notice of a dispute in ownership as between Fraley Road Baptist Church and Steven Montgomery so as to defeat the Smiths' claim to title.

*Lis pendens* notice under our statutes is not exclusive, however. It serves only to provide constructive notice of pending litigation. *Hill,* 304 N.C. at 164, 282 S.E. 2d at 783. Where, as here, actual notice of pending litigation has been properly pled by one claiming title, the burden is upon the subsequent transferee to establish, by a preponderance of the evidence, the absence of actual notice of pending litigation. *Lawing v. Jaynes and Lawing v. McLean,* 285 N.C. 418, 206 S.E. 2d 162 (1974). The original defendants have recited to this Court testimony which they contend establishes actual notice of pending litigation as to Mr. Smith. However, assuming arguendo that this evidence of conversations occurring prior to the Smiths' purchase does establish actual notice, this notice again is only notice of the original plaintiffs' claim against the directors of Fraley Road Baptist Church and Steven Montgomery. These conversations cannot serve as actual notice of pending litigation involving the directors of Fraley Road Baptist Church and their claim against Steven Montgomery, because this claim was not yet filed and was thus not pending litigation at the time of the conversations. We therefore find that the Smiths, NCNB, and its Trustee have met their burden of proof as to the absence of actual notice of pending litigation. From the record, we determine that the Smiths and NCNB are purchasers

for value without notice and therefore the deed to the Smiths and their Deed of Trust to NCNB are valid.

The additional defendants also contend that the trial court erred in failing to allow the Smiths to recover on their counterclaim for the fair rental value of the property. We agree. We remand this cause for a determination of the fair rental value of the property for the period of loss and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges WHICHARD and JOHNSON concur.