NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. STAGECOACH
VILLAGE, A NORTH CAROLINA NON-PROFIT CORPORATION

No. 529PA04

(Filed 7 October 2005)

**Appeal and Error— appealability—interlocutory order—title or area taken—substantial right**

The Court of Appeals erred by dismissing plaintiff's appeal of an interlocutory order joining 106 individual condominium lot owners as necessary parties to an action to condemn a portion of the common area of the condominium development, and the decision is vacated and remanded for a determination of the appeal on its merits, because: (1) interlocutory orders concerning title or area taken must be immediately appealed as vital preliminary issues involving substantial rights adversely affected; and (2) the possible existence of an easement, the basis upon which the trial court ordered joinder of the unit owners, is a question affecting title.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 166 N.C. App. 272, 601 S.E.2d 279 (2004), dismissing as interlocutory an appeal from an order entered 27 March 2003 by Judge John O. Craig, III in Superior Court, Guilford County. Heard in the Supreme Court 13 September 2005.

*Roy Cooper, Attorney General, by Hilda Burnett-Baker, Assistant Attorney General, W. Richard Moore, Special Deputy Attorney General, and James M. Stanley, Jr., Assistant Attorney General, for plaintiff-appellant.*

*Smith Moore LLP, by Bruce P. Ashley and Shannon R. Joseph, and Jeffrey K. Peraldo, P.A., by Jeffrey K. Peraldo, for defendant-appellee.*

BRADY, Justice.

The issue in this case is whether an interlocutory order joining 106 alleged interest holders as necessary parties to a condemnation action is immediately appealable. We hold it is and therefore vacate and remand to the Court of Appeals.

Defendant, a North Carolina non-profit corporation, is the home-owners' association for a townhouse development in Guilford County. On 15 January 2002, plaintiff initiated condemnation proceedings for 41,849 square feet (less than one acre) of the 20 acres of common area owned by defendant. In its answer, defendant asserted the development's 106 individual lot owners were necessary parties to the proceedings inasmuch as each of them owned an easement in the common area. Defendant subsequently filed a motion under N.C.G.S. § 136-108 for a judicial determination of this issue. The trial court granted defendant's motion and entered an order joining as necessary parties to the condemnation action every individual record owner in the development. The order also concluded each owner held an easement in the entire common area and each owner's alleged compensable interest belonged to the lot owner, not the association. Plaintiff appealed to the Court of Appeals.

The Court of Appeals unanimously dismissed the appeal as interlocutory and not affecting a substantial right of the parties. *See N.C. Dep't of Transp. v. Stagecoach Vill.*, 166 N.C. App. 272, 601 S.E.2d 279 (2004). We allowed plaintiff's petition for discretionary review on 3 March 2005.

Interlocutory orders may be appealed immediately under two circumstances. The first is when the trial court certifies no just reason exists to delay the appeal after a final judgment as to fewer than all the claims or parties in the action. *See* N.C.G.S. § 1A-1, Rule 54(b) (2003). The second is when the appeal involves a substantial right of the appellant and the appellant will be injured if the error is not cor-

rected before final judgment. *See id.* § 1-277 (2003); *Dep't of Transp. v. Rowe*, 351 N.C. 172, 174-75, 521 S.E.2d 707, 709 (1999).

The Court of Appeals correctly read our decisions in *N.C. State Highway Comm'n v. Nuckles* and *Rowe* as holding interlocutory orders concerning title or area taken must be immediately appealed as "vital preliminary issues" involving substantial rights adversely affected. *Rowe*, 351 N.C. at 176, 521 S.E.2d at 710; *N.C. State Highway Comm'n v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967), *modified by Rowe*, 351 N.C. at 176-77, 521 S.E.2d at 710. However, the court erroneously determined the order at issue does not concern title to the property condemned.

"A title is not a piece of paper. It is an abstract concept which represents the legal system's conclusions as to how the interests in a parcel of realty are arranged and who owns them." William B. Stoebuck & Dale A. Whitman, *The Law of Property* § 10.12 (3d ed. 2000). "An easement is an interest in land . . . ." *Borders v. Yarbrough*, 237 N.C. 540, 542, 75 S.E.2d 541, 542 (1953). The possible existence of an easement, the basis upon which the trial court ordered joinder of the unit owners, is a question affecting title; therefore, the trial court's order is subject to immediate review.

Accordingly, we vacate the decision of the Court of Appeals and remand to that court with instructions to determine plaintiff's appeal on the merits.

VACATED AND REMANDED.