WATSON v. MILLERS CREEK LUMBER CO.

[178 N.C. App. 552 (2006)]

GLENN D. WATSON AND WIFE, KATHY WATSON, Plaintiffs v. MILLERS CREEK LUMBER CO., INC. AND JOHN S. COUNTS, Defendants

No. COA05-1537

(Filed 18 July 2006)

**1. Appeal and Error— appealability—interlocutory order— summary judgment—substantial right—title to disputed property**

Although plaintiff prospective purchasers' appeal from the denial of their motion for summary judgment and grant of summary judgment in favor of defendant purchaser is an appeal from an interlocutory order based on the fact that defendant vendor elected not to participate in this appeal and the trial court did not certify the appeal under N.C.G.S. § 1A-1, Rule 54(b), interlocutory orders concerning title may be immediately appealed as vital preliminary issues involving substantial rights adversely affected. Also, defendant vendor stipulated that title to the disputed property rests in either plaintiffs or defendant purchaser and its liability, if any, cannot be determined until a final decision is entered on appeal.

**2. Real Property— breach of installment land contract—superior title to disputed property**

The trial court erred in a breach of contract case by denying plaintiffs' motion for summary judgment and by granting summary judgment in favor of defendant purchaser regarding superior title to disputed property, because: (1) the installment land contract entered into by defendant vendor and plaintiffs qualifies for protection from any subsequent purchaser for value under N.C.G.S. § 47-18; (2) plaintiffs' contract with defendant vendor entitled them to a good and sufficient deed effective upon payment in full of the purchase price; (3) defendant vendor admits after receiving the final payment from plaintiffs that the deed was never delivered to plaintiffs; (4) all parties stipulated that the contract was recorded in the county register of deeds on 8 November 1991, and also stipulated that defendant vendor conveyed the disputed property to defendant purchaser by deed eleven years later with defendant purchaser recording the deed on 3 January 2003; (5) plaintiffs possessed superior rights to the land since their contract was recorded prior to recordation by defendant purchaser; and (6) defendant purchaser is deemed

WATSON v. MILLERS CREEK LUMBER CO.

[178 N.C. App. 552 (2006)]

under N.C.G.S. § 1A-1, Rule 36, by virtue of his failure to respond to plaintiffs' request for admissions, to have admitted he not only had both actual and constructive knowledge of plaintiffs' recorded bond for title, but also took title to the land subject to plaintiffs' recorded bond for title.

Appeal by plaintiffs from judgment entered 24 August 2005 by Judge Jesse B. Caldwell in Caldwell County Superior Court. Heard in the Court of Appeals 7 June 2006.

*Wilson, Lackey & Rohr, P.C. by Timothy J. Rohr, for plaintiffs-appellants.*

*Joseph C. Delk, III, and McElwee Firm, PLLC, by John M. Logsdon, for defendants-appellees.*

CALABRIA, Judge.

Glenn D. Watson and his wife, Kathy Watson ("plaintiffs"), appeal the denial of their motion for summary judgment and the grant of summary judgment to John S. Counts ("defendant Counts") regarding superior title to disputed property. We reverse.

On 8 November 1991, plaintiffs agreed to purchase from Millers Creek Lumber Co., Inc. ("defendant Millers Creek") a five-acre tract of land in Caldwell County ("the land"). Plaintiffs and defendant Millers Creek entered into an installment land contract ("the contract"). According to the terms of the contract, plaintiffs agreed to pay the balance of the purchase price, $6,000, plus accumulated interest at the rate of twelve percent (12%), in 36 consecutive monthly installments of $199.29 over a three-year period. Upon payment in full of the purchase price, defendant Millers Creek agreed "to make, execute and deliver unto [plaintiffs] . . . a good and sufficient deed[.]" On 8 November 1991, the contract was recorded in Book 1050, page 728, of the Caldwell County Register of Deeds entitled "Bond for Title." Although plaintiffs timely paid all installments, defendant Millers Creek failed to deliver the deed to plaintiffs. On 3 January 2003, defendant Millers Creek conveyed the land to defendant Counts who recorded the deed in Book 1426, page 669, of the Caldwell County Register of Deeds.

On 26 May 2004, plaintiffs filed a complaint alleging, *inter alia*, resulting trust, constructive trust, and breach of contract. Plaintiffs

twice filed notices of lis pendens. On 29 June 2004, defendant Millers Creek filed an answer asserting several affirmative defenses. On 11 October 2004, defendant Counts filed his answer and cross claim. On 29 April 2005, plaintiffs filed their first set of requests for admissions pursuant to N.C. Gen. Stat. § 1A-1, Rule 36, and mailed them to the attorney representing defendant Counts. Defendant Counts never responded to this discovery document but on 2 August 2005, he filed a motion for summary judgment. Plaintiffs filed their motion for summary judgment ten days later. On 24 August 2005, the trial court denied plaintiffs' motion for summary judgment, granted defendant Counts' motion for summary judgment, and dismissed the action against defendant Counts. Plaintiffs appeal.

I. *Summary Judgment*:

Plaintiffs argue the trial court erred in granting defendant Counts' motion for summary judgment while simultaneously denying their motion. Plaintiffs contend the contract they entered with defendant Millers Creek qualifies for protection from any subsequent purchaser for value pursuant to N.C. Gen. Stat. § 47-18. We agree.

[1] At the outset, we note this appeal is interlocutory since defendant Millers Creek elected not to participate in this appeal. " 'A final judgment is one which disposes of the cause as to *all the parties*, leaving nothing to be judicially determined between them in the trial court.' " *McCutchen v. McCutchen*, 360 N.C. 280, 282, 624 S.E.2d 620, 622 (2006) (emphasis added) (quoting *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950)). "Any order resolving fewer than all of the claims between the parties is interlocutory." *Id.* 624 S.E.2d at 622-23 (citation omitted). Nevertheless, "[a]n interlocutory appeal is ordinarily permissible . . . if (1) the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review." *Boyd v. Robeson Cty.*, 169 N.C. App. 460, 464, 621 S.E.2d 1, 4, *disc. review denied*, 359 N.C. 629, 615 S.E.2d 866 (2005). In the instant case, the trial court did not certify the appeal pursuant to Rule 54(b). However, "interlocutory orders concerning title . . . must be immediately appealed as vital preliminary issues involving substantial rights adversely affected." *N.C. Dep't of Transp. v. Stagecoach Vill.*, 360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005) (citation and internal quotation marks omitted). Furthermore, defendant Millers Creek stipulated that title to the disputed property rests in either plaintiffs or defendant Counts and their liability, if any, "cannot be determined

until a final decision is entered on appeal." Consequently, this appeal is properly before us.

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *Harrison v. City of Sanford*, 177 N.C. App. 116, 118, 627 S.E.2d 672, 675 (2006) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005)). "By both parties filing motions for summary judgment, the parties agree there are no genuine issues of fact." *Sharpe v. Sharpe*, 150 N.C. App. 421, 423, 563 S.E.2d 285, 287 (2002). "On appeal, we review the granting of a summary judgment motion *de novo. Ripellino v. N.C. Sch. Bds. Ass'n, Inc.*, 176 N.C. App. 443, 446, 627 S.E.2d 225, 228 (2006).

[2] The Connor Act, N.C. Gen. Stat. § 47-18 (2005), states, in pertinent part, "[n]o . . . contract to convey . . . shall be valid to pass any property interest as against . . . purchasers for a valuable consideration . . . but from the time of registration thereof in the county where the land lies[.]" "[The Connor Act] was enacted for the purpose of providing a plan and a method by which an intending purchaser . . . can safely determine just what kind of a title he is in fact obtaining." *Chandler v. Cameron*, 229 N.C. 62, 66, 47 S.E.2d 528, 530 (1948) (internal quotation marks and citation omitted). Consequently, "the act requires recordation of all . . . contracts to convey . . . affecting the title to real property." *Id.* 47 S.E.2d at 531. Importantly, our Supreme Court has determined "[o]ne who has a contractual right to compel another to convey is, upon the recordation of the contract, *accorded the same protection as a grantee* in a recorded deed." *Quinn v. Thigpen*, 266 N.C. 720, 723, 147 S.E.2d 191, 193 (1966) (emphasis added).

The case *sub judice* is similar to *Clark v. Butts*, 240 N.C. 709, 83 S.E.2d 885 (1954). In *Clark*, plaintiff Annie Clark ("Clark") and defendant Jonas Askew ("Askew") signed a contract whereby Clark agreed to care for Askew, whose health was in decline, and in return, Askew agreed to grant Clark a life estate in his house and lot. *Clark*, 240 N.C. at 710, 83 S.E.2d at 886. Clark registered the contract in the Camden County Register of Deeds on 16 June 1942. *Id.* 240 N.C. at 711, 83 S.E.2d at 887. Three years later, Askew conveyed his house and lot to Johnnie Butts ("Butts"). *Id.* Butts recorded his deed in the Camden County Register of Deeds on 19 May 1945. *Id.* Clark filed a

complaint against Butts asking the trial court to declare her the owner of Askew's house and lot. *Id.* The trial court declared Clark the owner and our Supreme Court agreed stating "the contract . . . was registered nearly three years before the deed from Askew to [Butts] was executed. The registration of [the contract] was constructive notice to [Butts]." *Id.* 240 N.C. at 715, 83 S.E.2d at 889. Further, our Supreme Court concluded "whatever rights [Butts] acquired by the deed from Askew . . . were subservient to the rights of [Clark] under her prior registered contract[.]" *Id.*

In the instant case, plaintiffs' contract with defendant Millers Creek entitled them to "a good and sufficient deed" effective "[u]pon . . . payment in full of said purchase price." It is uncontested that plaintiffs paid defendant Millers Creek the purchase price in full in November 1994. Further, plaintiffs contend and defendant Millers Creek admits after receiving the final payment the deed was never delivered to plaintiffs. All parties stipulated that the contract was recorded in the Caldwell County Register of Deeds on 8 November 1991. The parties also stipulated that defendant Millers Creek conveyed the disputed property to defendant Counts by deed eleven years later and defendant Counts recorded the deed in the Caldwell County Register of Deeds on 3 January 2003. Pursuant to *Clark, supra*, plaintiffs possessed superior rights to the land since their contract was recorded prior to recordation by defendant Counts.

Furthermore, pursuant to Rule 36 of the North Carolina Rules of Civil Procedure, defendant Counts is deemed, by virtue of his failure to respond to plaintiffs' request for admissions, to have admitted he not only had both actual and constructive knowledge of plaintiffs' recorded "Bond for Title," but also took title to the land subject to plaintiffs' recorded "Bond for Title." Consequently, plaintiffs possess superior title to the land. Therefore, the trial court's grant of summary judgment to defendant Counts is reversed.

Reversed.

Judges HUNTER and BRYANT concur.