FMB, INC., PLAINTIFF v. GLANNIS N. CREECH, UNMARRIED, MARGIE N. CRAWFORD, UNMARRIED, GLENDA GAYLE LEGGETT, AND HUSBAND, JOEL T. LEGGETT, VICKIE LYNN BALAZSI, UNMARRIED, KATHY C. SANDIFER, AND HUSBAND, SAMUEL M. SANDIFER, AND TRISTON NEAL ALAN HINSON, UNMARRIED, MELISSA GAYLE BALAZSI, MINOR, ANY UNBORN ISSUE OF DEFENDANTS VICKIE LYNN BALAZSI, GLENDA GAYLE LEGGETT, AND KATHY C. SANDIFER, AND ANY UNKNOWN HEIRS OF JAMES ROGERS NARRON, DECEASED, DEFENDANTS

No. COA08-1208

(Filed 7 July 2009)

**Appeal and Error— appealability—interlocutory order—summary judgment—claim futile on merits**

An appeal from summary judgment was dismissed as interlocutory in an action involving a complaint for specific performance of a contract to sell land or damages for breach of contract where the property had multiple owners, some with life estates, and at least one minor, because plaintiff's claim for specific performance would be futile on the merits and a *lis pendens* notice has been filed by plaintiff.

Appeal by plaintiff from judgment entered 27 June 2008 by Judge Narley L. Cashwell in Wilson County Superior Court. Heard in the Court of Appeals 11 March 2009.

*Rose Rand Attorneys, PA, by Paul N. Blake, III and Jason R. Page for, plaintiff-appellant.*

*Faris & Faris, PA, by Robert A. Farris, Jr., for defendant-appellees Margie N. Crawford, Glenda Gayle Leggett, Joel T. Leggett, Vickie Lynn Balazsi, and Triston Neal Alan Hinson.*

*Millicent G. Graves, for defendant-appellees Melissa Gayle Balazsi, any unborn issue of Defendants Vickie Lynn Balazsi, Glenda Gayle Leggett, and Kathy C. Sandifer, and any unknown heirs of James Rogers Narron, deceased.*

FMB, INC. v. CREECH

[198 N.C. App. 177 (2009)]

STEELMAN, Judge.

Where plaintiff appeals an interlocutory order that does not contain a Rule 54(b) certification, and fails to demonstrate that a substantial right will be lost unless it is immediately reviewed, the appeal is dismissed.

## I. Factual and Procedural Background

Defendants each have an interest[1] in approximately 130 acres of real property located in Wilson County, North Carolina. During the first week of June 2003, Kathy C. Sandifer (Sandifer) contacted plaintiff regarding the sale of this property. On 12 June 2003, Sandifer met with plaintiff's representative, Cecil M. Bradley (Bradley). On 21 July 2003, Sandifer signed an Option To Purchase, which gave plaintiff the option to buy "130.09 ACRES @ BUCKHORN RESERVOIR" until 5:00 p.m. on 21 November 2003 for the amount of $10,000.00. Attached to the option was an Offer to Purchase and Contract showing the purchase price of the property to be $800,000.00 and requiring closing to be completed by 21 December 2003. The option and contract showed the seller to be "Kathy Sandifer, Et Al" and did not state that Sandifer was acting in a representative capacity with respect to any other person. Sandifer is the only person whose signature appears on these documents.

On 21 November 2003, Bradley notified Sandifer that plaintiff intended to purchase the property. Since that time, defendants have refused to convey the property to plaintiff. On 8 May 2006, plaintiff filed a complaint seeking specific performance or, in the alternative, damages based upon breach of contract and negligent misrepresentation. During the course of the litigation it was discovered that one of the owners of the real estate was a minor. On 5 February 2007, a guardian *ad litem* was appointed to represent the minor and also any unknown and unborn heirs. On 10 June 2008, defendants Margie N.

---

1. James Narron's last will and testament devised his real estate as follows: "I will and devise all of my real estate, including all real property which I may acquire or become entitled to after the execution of this Will, to my beloved Mother, Alma Bailey Narron, for and during the term of her natural life only, with remainder thereafter to my two beloved sisters, Glannis N. Creech, and Margie N. Crawford, share and share alike, for and during the term of their natural lives only, with remainder thereafter to my three beloved nieces, Vickie Lynn C. Balazsi, Glenda Gail [Leggett], and Kathy [C. Sandifer], share and share alike, for and during the term of their natural lives only, with remainder in fee simple to the living issue of Vickie Lynn C. Balazsi, Glenda Gail [Leggett], and Kathy [C. Sandifer], share and share alike." At the time this action commenced, Alma Bailey Narron was deceased. While litigation was pending, Glannis N. Creech died extinguishing her interest in the property on 1 April 2007.

Crawford, Glenda Gayle Leggett, Joel T. Leggett, Vickie Lynn Balazsi, and Triston Neal Alan Hinson filed a motion for summary judgment. That same day, Sandifer and Samuel M. Sandifer (Sandifer defendants) also moved for summary judgment by separate motion. The principal issue at summary judgment was whether Sandifer executed the option on behalf of the other defendants, and if so, whether she had actual or apparent authority to do so.

At a hearing on 23 June 2008, the Sandifer defendants did not argue their motion for summary judgment, but rather their motion to dismiss pursuant to Rule 12(b)(6) contained in earlier pleadings. By separate orders, the trial court denied Sandifer defendants' motion to dismiss and granted summary judgment as to the remaining defendants. Plaintiff appeals.

## II.  Interlocutory Nature of Appeal

As a threshold issue, we must decide whether plaintiff's appeal should be dismissed as interlocutory. *See Veazy v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." (citation omitted)), *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Generally, there is no right of immediate appeal from an interlocutory order with two exceptions: "(1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed." *Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003) (quotation omitted); *see also Jones v. Clark*, 36 N.C. App. 327, 329, 244 S.E.2d 183, 185 (1978) ("[T]here is a right of appeal under G.S. 1-277 from an order granting summary judgment, notwithstanding the failure to meet the requirements for a Rule 54(b) appeal where a substantial right is affected." (citations omitted)).

In the instant case, the trial court did not certify its order as immediately appealable pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Therefore, the burden is on plaintiff to establish that a substantial right will be lost unless its appeal is immediately reviewed by this Court. *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001). "The question of whether an interlocutory appeal affects a substantial right must be considered in light

of the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Grant v. Miller*, 170 N.C. App. 184, 186, 611 S.E.2d 477, 478 (2005) (quotation omitted). Our appellate courts have generally taken a restrictive view of the substantial right exception. *Embler*, 143 N.C. App. at 166, 545 S.E.2d at 262.

Plaintiff argues because the summary judgment order "resolves the Plaintiff's claim for specific performance of an option and contract to purchase real estate, therefore, concerning title to the subject property[,]" it adversely affects a substantial right. We disagree.

In support of its contention, plaintiff cites *N.C. Dep't. of Transp. v. Stagecoach Village*, which states, "interlocutory orders concerning title or area taken must be immediately appealed as 'vital preliminary issues' involving substantial rights adversely affected." 360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005) (citations omitted). We note, however, that *Stagecoach Village* and the cases upon which it bases its analysis deal solely with issues of condemnation and the involuntary taking of a private citizen's property by the State of North Carolina. *See Dep't of Transp. v. Rowe*, 351 N.C. 172, 175, 521 S.E.2d 707, 709 (1999); *Highway Commission v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967). In *Nuckles*, our Supreme Court reasoned that an immediate appeal following a condemnation hearing pursuant to N.C. Gen. Stat. § 136-108 was "mandatory based on the futility of proceeding with a damages trial when questions linger about what land is being taken and to whom that land belongs." *Rowe*, 351 N.C. at 176, 521 S.E.2d at 710 (citing *Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784). Our Supreme Court noted in *Rowe* that the holding in *Nuckles* had been expanded to other issues arising from condemnation hearings, and expressly limited that holding to questions of title and area taken. *Id.* at 176, 521 S.E.2d at 709. This analysis is inapplicable to the instant case as it does not concern condemnation proceedings.

This Court has only once, in a published opinion, extended the substantial right exception found in *Stagecoach Village* to an issue outside of the area of condemnation. *See Watson v. Millers Creek Lumber Co.*, 178 N.C. App. 552, 555, 631 S.E.2d 839, 841 (2006). In *Watson*, the plaintiffs entered into an installment land contract with the defendant Millers Creek, which provided that upon payment in full of the purchase price, the defendant Millers Creek would deliver to the plaintiffs a sufficient deed. The installment land contract was recorded. Although the plaintiffs complied with the terms of the contract, defendant Millers Creek failed to deliver the deed and subse-

quently conveyed the property to defendant Counts, who had the deed recorded. *Id.* at 553, 631 S.E.2d at 840.

The plaintiffs filed a complaint against both of the defendants alleging, *inter alia,* resulting trust, constructive trust, and breach of contract. Defendant Counts filed a motion for summary judgment. The trial court granted defendant Counts motion and dismissed the action against him. The plaintiff appealed. *Id.* at 554, 631 S.E.2d at 840.

Because the defendant Millers Creek elected not to participate in the appeal, the plaintiff's appeal was interlocutory. The trial court did not certify the appeal as immediately reviewable pursuant to Rule 54(b). However, this Court cited *Stagecoach Village* for the proposition that because the order concerned the issue of title to real property, it involved a substantial right that was adversely affected. This Court further emphasized that because "defendant Millers Creek stipulated that title to the disputed property rest[ed] in either [the] plaintiffs or defendant Counts and their liability, if any, 'cannot be determined until a final decision is entered on appeal[,]' " the plaintiffs' appeal was properly before this Court. *Id.* at 554-55, 631 S.E.2d at 840-41.

The instant case is distinguishable from *Watson* for several reasons. First, there is no stipulation in this case, which was a key factor in the determination in *Watson* that the order was immediately appealable. Second, there is no dispute in this case as to who had legal title to the property. The issue presented was whether there was a valid option to sell the property to plaintiff based upon the signature of Sandifer.

Even assuming *arguendo* Sandifer had actual or apparent authority to sell the property to plaintiff, plaintiff's claim for specific performance would fail. At the time this action was filed, Margie N. Crawford was the rightful owner of the property for her lifetime. Vickie Lynn Balazsi, Glenda Gail Leggett, and Sandifer retained equal contingent life estates thereafter and Triston Neal Alan Hinson, Melissa Gail Balazsi, a minor child, and the unknown and unborn issue of Sandifer, Vickie Lynn Balazsi, and Glenda Gayle Leggett were the remaindermen in fee simple. N.C. Gen. Stat. § 41-11 (2003) provides:

> In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine

who the remaindermen are, there may be a sale, lease or mortgage of the property by a special proceeding in the superior court, which proceeding shall be conducted in the manner pointed out in this section.

N.C. Gen. Stat. § 41-11 then sets forth the requirements that must be met in order for such property to be sold. The purpose of that statute is to ascertain and pay the life tenant the present value of his interest, while protecting the interests of the remainderman. *See Crumpton v. Crumpton*, 290 N.C. 651, 655, 227 S.E.2d 587, 591 (1976) (providing that the purpose of N.C. Gen. Stat. § 41-11 is "to promote the interest of all the parties by allowing the sale of desirable land free from restrictions imposed by the presence of uncertainties as to whom the land will ultimately belong. The statute contemplates that the proceeds of the sale, less expenses and perhaps the present worth of the life tenant's share, will be reinvested, either in purchasing or in improving real estate."), *overruled in part by Crumpton v. Mitchell*, 303 N.C. 657, 658 n.1, 281 S.E.2d 1, 2 n.1 (1981); *see also Menzel v. Menzel*, 250 N.C. 649, 656, 110 S.E.2d 333, 338 (1959) (stating the statutory authority given to ascertain and pay over to the life tenant the present value of his interest is found in N.C. Gen. Stat. § 41-11). A special proceeding pursuant to N.C. Gen. Stat. § 41-11 was not brought in the instant case and therefore the interests of the remaindermen were not protected. "In order that a valid conveyance of the land in fee simple be made pursuant to [N.C. Gen. Stat. § 41-11], it is essential that the provisions of the statute be strictly complied with." *Blades v. Spitzer*, 252 N.C. 207, 212, 113 S.E.2d 315, 319 (1960). Because the mandatory provisions of N.C. Gen. Stat. § 41-11 were not complied with here, the trial court could not order defendants to convey the property at issue to plaintiff.[2] On this basis alone, plaintiff's claim for specific performance would fail. An alternative ground exists in this case, which would preclude plaintiff's claim for specific performance: Melissa Gail Balazsi was a minor child at the time this action commenced. It is well-established that minors cannot be compelled to specifically perform a contract as long as they remain under the age of eighteen. *Tillery v. Land*, 136 N.C. 537, 541, 48 S.E. 824, 826 (1904).

Further, a Notice of *Lis Pendens* was filed with the Wilson County Superior Court, which provides possible purchasers of this

---

2. We note that a draft of a petition for sale of real property pursuant to N.C. Gen. Stat. § 41-11 at a private sale is included in the record on appeal. However, there is no indication in the record that such a petition was ever filed.

property with constructive notice of the existence of this pending lit-
igation affecting title. The Notice of *Lis Pendens* was not ordered
stricken by the trial court and therefore any party who purchases this
property is bound by the judgment in this action, just as defendants
would have been. *Peoples Freedom Baptist Church v. Watson*, 81
N.C. App. 478, 480, 344 S.E.2d 337, 339 (1986).

Because plaintiff's claim for specific performance would be
futile on the merits and a *lis pendens* notice has been filed by plain-
tiff, resolution of this issue on a motion for summary judgment
does not affect a substantial right. Plaintiff has failed to argue the
presence of a substantial right with regards to its remaining claims
of damages for breach of contract and negligent misrepresentation.
*See Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380,
444 S.E.2d 252, 254 (1994) ("It is not the duty of this Court to con-
struct arguments for or find support for appellant's right to appeal
from an interlocutory order[.]"). Accordingly, plaintiff's appeal is dis-
missed as interlocutory.

DISMISSED.

Judges BRYANT and ELMORE concur.