MILLER & LONG, INC., Plaintiff,
v.
INTRACOASTAL LIVING, LLC, SUPERIOR CONSTRUCTION CORPORATION, and PRESERVE HOLDINGS, LLC, Defendants.
No. COA09-671.
Court of Appeals of North Carolina.
Filed April 6, 2010.
This case not for publication
Jordan Price Wall Gray Jones & Carlton, by Brian S. Edlin and J. Carr McLamb, Jr., for plaintiff-appellant.
Andresen & Arronte, PLLC, by Mark E. Carlson and Kenneth P. Andresen, for defendant-appellee Preserve Holdings, LLC.
STROUD, Judge.
Plaintiff appeals the order dismissing its claim for a constructive trust and striking its notice of lis pendens. As plaintiff's appeal is interlocutory and does not fall within any exceptions for an interlocutory appeal to be heard by this Court, we dismiss.

I. Background
Plaintiff Miller & Long, Inc. is a subcontractor that contracted with general contractor Superior Construction Corporation ("Superior") to construct a condominium project known as the Preserve at Oak Island ("project") for defendant Intracoastal Living, LLC ("Intracoastal"). Many legal disputes have arisen out of the project. As described by plaintiff, "[t]he Preserve condominium project in Brunswick County, North Carolina consisted of four (4) separate condominium buildings plus a clubhouse . . . and has spawned one (1) receivership, one (1) involuntary foreclosure, one (1) bankruptcy and more than two (2) dozen lawsuits." Intracoastal defaulted on its construction loan and Wachovia initiated foreclosure proceedings involving portions of the project; these portions of the project were purchased by defendant Preserve Holdings, LLC ("Preserve").
On or about 27 October 2008, plaintiff filed a complaint against Intracoastal, Superior, and Preserve; in addition to money damages, plaintiff requested that a constructive trust or equitable lien be imposed upon certain buildings within the project. On or about 3 November 2008, plaintiff also filed a notice of lis pendens upon portions of the project. On or about 10 November 2008, Preserve filed a motion to dismiss plaintiff's claim for constructive trust and to cancel plaintiff's notice of lis pendens. On or about 8 January 2009, the trial court dismissed plaintiff's claim for a constructive trust and cancelled the notice of lis pendens. Plaintiff appealed.

II. Motion to Dismiss
Defendant Preserve has filed a motion to dismiss plaintiff's appeal as interlocutory since the trial court's order did not make a final disposition of all of the claims raised by plaintiff. Plaintiff argues that though it appeals from an interlocutory order, its substantial right has been "adversely affected."
Generally, there is no right of immediate appeal from an interlocutory order with two exceptions: (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.
FMB, Inc. v. Creech, ___ N.C. App ___, ___, 679 S.E.2d 410, 412 (2009) (citations and quotation marks omitted).
Plaintiff argues that its action for a constructive trust affects title to the real property and bases its argument in this regard upon North Carolina Dep't. of Transp. v. Stagecoach Village, 360 N.C. 46, 619 S.E.2d 495 (2005), disc. review denied, 360 N.C. 483, 630 S.E.2d 929 (2006), Highway Comm'n v. Nuckles, 271 N.C. 1, 155 S.E.2d 772 (1967), Watson v. Millers Creek Lumber Co., 178 N.C. App. 552, 631 S.E.2d 839 (2006), and Pegram v. Tomrich Corp., 4 N.C. App. 413, 166 S.E.2d 849 (1969). However, plaintiff's reliance upon each of these cases to argue that a substantial right would be lost without immediate review is misplaced.
FMB arose from a dispute about an option to purchase and came before this Court on an appeal of an interlocutory order. FMB at ___, 679 S.E.2d at 411. In FMB, this Court distinguished two of the cases cited by plaintiff herein to support its argument regarding its right to an immediate appeal because they dealt with condemnation cases. Id. at ___, 679 S.E.2d at 412. FMB noted that "Stagecoach Village and the cases upon which it bases its analysis [including Nuckles] deal solely with issues of condemnation and the involuntary taking of a private citizen's property by the State of North Carolina." Id. Just as in FMB, this case does not involve condemnation and the analysis used in the Stagecoach Village and Nuckles cases is "inapplicable to the instant case as it does not concern condemnation proceedings." Id.
Watson resulted from an appeal from an interlocutory summary judgment order, Watson at 554, 631 S.E.2d at 840. As to Watson, FMB noted that
[t]he instant case is distinguishable from Watson for several reasons. First, there is no stipulation [as to the validity of the appeal] in this case, which was a key factor in the determination in Watson that the order was immediately appealable. Second, there is no dispute in this case as to who had legal title to the property.
Id. at ___, 679 S.E.2d at 413. Here, there is no stipulation as to the validity of plaintiff's appeal; defendant Preserve contends the exact opposite in its motion to dismiss. "Second, there is no dispute in this case as to who had legal title to the property." Id. Plaintiff does not contend that it has legal title to the project and does not seek to obtain legal title to the project but contends that a constructive trust and lis pendens are necessary to protect its monetary interests in the project. Just as in FMB, we too find that Watson does not support plaintiff's argument for an immediate appeal because of the lack of (1) a stipulation and (2) a dispute regarding the legal title to the project. See id.
Plaintiff argues that the key difference between FMB and the case at bar is that in FMB the notice of lis pendens was not stricken by the trial court, so that the plaintiff in FMB still had the protection of the lis pendens while the litigation proceeded to its conclusion. See id. at ___, 679 S.E.2d at 414. Plaintiff argues that unlike FMB, here, due to the cancelled notice of lis pendens, "condominium Units will continue to be sold until the Project is completed, at which time, there will not be anything to satisfy a judgment against Preserve Holdings, much less, for a constructive trust to be imposed on." However, the fact that a lis pendens was involved is not determinative of plaintiff's right to an immediate appeal. A lis pendens is properly filed only where a party is asserting an interest in real property. See N.C. Gen. Stat. § 1-116(a) (2007). It is not proper to file a lis pendens only to secure a money judgment. See Cutter v. Realty Co., 265 N.C. 664, 668, 144 S.E.2d 882, 885 (1965) ("Thus, notice of lis pendens may not properly be filed except in an action, a purpose of which is to affect directly the title to the land in question or to do one of the other things mentioned in the statute. The lis pendens statute does not apply, for example, to an action the purpose of which is to secure a personal judgment for the payment of money even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant described in the complaint." (citations omitted)). To the extent that plaintiff argues an interest in protecting its ability to "satisfy a judgment against Preserve Holdings," this is not a proper purpose of a lis pendens and thus cannot be a substantial interest which would entitle plaintiff to an immediate appeal. See id. A general risk that the real property may be sold or encumbered is also not a basis for a substantial interest. See Brown v. Brown, 77 N.C. App. 206, 208, 334 S.E.2d 506, 508 (1985) (concluding that cancellation of lis pendens on real property which plaintiff alleged was subject to equitable distribution and which was titled to husband's brother, ex-sister-in-law, and other "third parties" did not impair a substantial right justifying immediate appeal), disc. review denied, 315 N.C. 389, 338 S.E.2d 878 (1986). This Court has previously held that an order cancelling a notice of lis pendens is not immediately appealable based only upon this risk.
There is the chance, as with all property, of waste or encumbrance. This, however, is not enough to establish the loss of a substantial right. The requirement is not one of possibilities but one of definite loss. In the case sub judice, there is no clear loss of a substantial right which would be caused by rejection of this early appeal.
Id.
We thus turn to the final case upon which plaintiff's argument is based. In Pegram the plaintiff requested "a money judgment and in addition ask[ed] that the Defendant be declared to hold the properties still in its possession in trust for the mutual use and benefit of Plaintiff and Defendant in accordance with the terms of the contract as alleged." Pegram at 415, 166 S.E.2d at 851 (quotation marks omitted). The Pegram court noted that "[a]n action to secure a personal judgment for payment of money is not an action affecting title to real property within the meaning of G.S. 1-116(a)(1), even though such a judgment, if obtained and properly docketed, is a lien upon land of the defendant." Id. (citation and quotation marks omitted). The court went on to conclude that plaintiff had no valid claim to a trust or a notice of lis pendens. Id. at 417, 166 S.E.2d at 852.
Here, plaintiff has requested monetary damages and has requested a constructive trust and lis pendens only to ensure that it will be able to recover any monetary damages which might ultimately be awarded. As in Pegram, this action does not affect title to real property. Id. Plaintiff's argument that its "claim for a constructive trust . . . will affect title to the Property" in support of its claim that its substantial right was adversely affected is not supported by the cases cited by plaintiff.
"Our courts generally have taken a restrictive view of the substantial right exception" and "[t]he burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." Embler v. Embler, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) (citations omitted). We therefore conclude that plaintiff has failed to carry its burden to establish a substantial right. Accordingly, we dismiss this appeal.

III. Conclusion
As plaintiff failed to carry its burden in establishing a substantial right to an immediate appeal from the interlocutory order, we grant defendant's motion to dismiss.
DISMISSED.
Judges STEPHENS and BEASLEY concur.
Report per Rule 30(e).