An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-250

NORTH CAROLINA COURT OF APPEALS

Filed:  16 September 2014

SECURITY CREDIT CORPORATION, INC.,
     Plaintiff

     v.                                  Johnston County
                                         No. 13 CVS 2155
MICHAEL S. BAREFOOT, and JESSICA
BAREFOOT MASSENGILL,
     Defendants


     Appeal by defendants from order entered 11 October 2013 by Judge Thomas H. Lock in Johnston County Superior Court.  Heard in the Court of Appeals 27 August 2014.


     *The Armstrong Law Firm, P.A., by L. Lamar Armstrong, Jr. and L. Lamar Armstrong, III, for plaintiff-appellee.*

     *Hairston Lane Brannon, PA, by M. Brad Hill and James E. Hairston Jr., for defendant-appellants.*


     CALABRIA, Judge.


     Michael S. Barefoot ("Barefoot") and Jessica Barefoot Massengill ("Massengill") (collectively "defendants") appeal from the trial court's order granting summary judgment in favor of Security Credit Corporation, Inc. ("plaintiff") on

plaintiff's claim of fraudulent transfer. We dismiss the appeal as interlocutory.

On 15 April 2010, plaintiff obtained a judgment against Barefoot in the amount of $1,507,332.00. On 6 October 2010, the trial court ordered this amount to be offset by a cross-judgment in favor of Barefoot against plaintiff. After the offset, Barefoot still owed plaintiff $614,837.60 pursuant to the 15 April 2010 judgment.

On 31 July 2012, the Johnston County Clerk of Superior Court issued a writ of execution against Barefoot's property in order to satisfy plaintiff's remaining judgment. On 25 September 2012, the Johnston County Sheriff returned the writ of execution to the Clerk, indicating that it was unsatisfied because the Sheriff was "unable to locate non-exempt property."

In June 2013, Barefoot transferred twenty-six of his shares in GSW, Incorporated ("GSW") to his daughter, Massengill. Barefoot retained ownership of the remaining twenty-four GSW shares. Massengill did not provide any monetary consideration or value to Barefoot in exchange for the shares. GSW's only assets were two parcels of real property which were both encumbered by loans that had been secured by deeds of trust in one or both of the properties. For both pieces of property, the

amount of the liens encumbering each parcel exceeded the total value of the property.

Plaintiff initiated an action against defendants by filing a complaint and then an amended complaint in Johnston County Superior Court. Plaintiff sought to have the stock transfer from Barefoot to Massengill set aside as fraudulent pursuant to N.C. Gen. Stat. § 39-23.1, *et seq.*, the Uniform Fraudulent Transfer Act ("UFTA"). Plaintiff also sought to have an unrelated transfer of real property from Barefoot to Massengill set aside pursuant to the UFTA. On 8 August 2013, plaintiff filed a motion for summary judgment only as to its claim seeking to set aside the fraudulent transfer of GSW stock. On 11 October 2013, the trial court granted plaintiff's motion. Defendants appeal.

As an initial matter, we note that both parties agree that the trial court's order was interlocutory because it did not resolve all of the claims in plaintiff's complaint. "[I]mmediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay. ... Second, immediate appeal

is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (internal quotations omitted). In the instant case, the trial court's order did not include a certification that there is no just reason for delay pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (2013). Therefore, this appeal is only properly before us if it affects a substantial right.

Defendants note that the only assets held by GSW are two parcels of real property. Based upon this fact, defendants contend that their appeal affects a substantial right because "[t]his Court has regularly found that an order involving the title to property necessarily affects a substantial right and may be immediately appealed," and the determination of who owns GSW also decides who owns GSW's real property. In support of their argument, defendants rely primarily upon this Court's opinion in *Phoenix Ltd. P'ship of Raleigh v. Simpson*, 201 N.C. App. 493, 688 S.E.2d 717 (2009).

In *Phoenix*, the plaintiff and the defendants entered into a lease agreement which included an option by which the defendants could require the plaintiff to purchase the leased property from them. *Id*. at 495, 688 S.E.2d at 719. The defendants exercised

this option, but the parties failed to close on the property by the date specified in the contract. *Id.* at 496, 688 S.E.2d at 720. The defendants initiated an action against the plaintiff seeking specific performance of the option contract, and in response the defendants filed several counterclaims against the plaintiff. *Id*. at 497-98, 688 S.E.2d at 721. This Court held that the trial court's interlocutory order which granted specific performance to the plaintiff and required the defendants to convey the property at issue to the plaintiff affected a substantial right.

*Phoenix* is distinguishable from the instant case in multiple respects. First, in *Phoenix*, the resolution of the remaining claims in the case was dependent upon the determination of ownership of the property at issue. *Id.* at 495-99, 688 S.E.2d at 719-21. As defendants concede, the remaining claim in this case "pertains to an entirely separate and wholly unrelated transaction and occurrence." More importantly, the trial court's order in the instant case did not actually resolve any issues regarding ownership of real property, since there is no dispute in this case that GSW is the legal owner of the two parcels. The trial court's order only determined who was entitled to own GSW. Defendants do not cite any cases which

hold that the determination of ownership of a business entity, the issue actually determined by the trial court, affects a substantial right. As a result, they have failed to meet their burden of establishing that the trial court's order affects a substantial right which permits immediate appellate review. *See FMB, Inc. v. Creech*, 198 N.C. App. 177, 181, 679 S.E.2d 410, 413 (2009)(holding that an appeal did not affect a substantial right when the parties did not stipulate that remaining claims were dependent upon resolution of the appeal and when there was "no dispute . . . as to who had legal title to the property."). Defendants' appeal must therefore be dismissed.

Dismissed.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).