KIMBERLY JOAN GEORGE, Plaintiff v. ADMINISTRATIVE OFFICE OF THE COURTS, AN AGENCY OF THE STATE OF NORTH CAROLINA; AND R. DEAN HARTGROVE, IN HIS OFFICIAL CAPACITY AS CLERK OF SUPERIOR COURT OF STOKES COUNTY, DEFENDANTS

No. COA00-365

(Filed 20 March 2001)

**Clerks of Court— alleged negligence or misconduct in performance of official duties—notice of lis pendens not required to be cross-indexed on public record**

The trial court did not err by granting defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss plaintiff's claim for the alleged negligence or misconduct of a clerk of superior court in the performance of his official duties based on a failure to cross-index in the public record a notice of lis pendens on defendant's property, because: (1) plaintiff's prayer for relief asks the court to order defendant to refinance the property or reconvey a one-half interest in the property to plaintiff since defendant former husband did not abide by the terms of the parties' separation agreement; (2) the courts of this state have consistently held that the lis pendens statute under N.C.G.S. § 1-116 does not apply to an action to secure a personal money judgment even though such a judgment, if obtained and properly documented, is a lien upon the land of defendant; and (3) plaintiff was not entitled to have the notice of lis pendens cross-indexed on the public record since an action to enforce a separation agreement, absent any allegation of fraudulent conduct, or the existence of an express or implied trust, or allegations that would support a cause of action for specific performance, does not bring the direct affect on title

to property required to bring it within the meaning of N.C.G.S. § 1-116.1(a)(1).

Appeal by plaintiff from order entered 17 December 1999 by Judge Charles M. Neaves, Jr. in Stokes County District Court. Heard in the Court of Appeals 26 January 2001.

*James L. Dellinger, Jr., for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Charles J. Murray, for defendants-appellees.*

CAMPBELL, Judge.

Plaintiff appeals from an order granting defendants' motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.

The uncontested pertinent facts and procedural history include the following: On 9 August 1994, plaintiff and her former husband, Tony David Johnson, entered into a separation agreement, in which plaintiff agreed to release her interest in their marital home located in Stokes County, North Carolina. In return, Tony David Johnson agreed to assume all obligations with regard to the marital home, to refinance the outstanding mortgage loan on the marital home within six months, and to pay plaintiff $7,500 upon sale of the property. Pursuant to this separation agreement, plaintiff executed a quitclaim deed on 25 August 1994 releasing her interest in the marital home.

On 20 March 1996, plaintiff instituted an action (96 CVD 115) in Stokes County District Court against her former husband alleging refusal to perform obligations under the separation agreement and seeking damages for breach of the agreement. Plaintiff alleged that the parties had entered into the separation agreement, and plaintiff had abided by the agreement in releasing her interest in the marital home. Plaintiff further alleged that defendant had failed and refused to refinance the marital home, thus breaching the separation agreement and causing damage to plaintiff. In the prayer for relief, plaintiff sought damages in excess of $10,000. Plaintiff also sought to compel defendant to refinance the property pursuant to the agreement, or to reconvey a one-half interest in the marital home to plaintiff. On 20 March 1998, plaintiff filed a notice of *lis pendens* with the Clerk of Superior Court of Stokes County, seeking to give record notice of the pending action against her former husband, and claiming that one of

the objects of the pending action was a one-half interest in the marital home. On 13 May 1998, Tony David Johnson conveyed the property in question to Wilbur L. Goad and his wife, Tammy P. Goad.

On 8 July 1999, plaintiff instituted the instant action against defendants, alleging negligence on the part of R. Dean Hartgrove (Hartgrove), in his official capacity as Clerk of Superior Court of Stokes County, in failing to accurately and properly maintain the public records of Stokes County, and against the Administrative Office of the Courts, in its position as supervisor of the Judicial Department of the State of North Carolina. Specifically, plaintiff contended that the notice of *lis pendens* filed in connection with 96 CVD 115 had not been correctly indexed. Consequently, plaintiff's interest in the marital property had not been protected, in that the lien she had sought to perfect by filing the notice of *lis pendens* had not appeared on the public record during the title examination conducted in connection with the transfer of the subject property from Tony David Johnson to Wilbur and Tammy Goad.

On or about 23 August 1999, defendants filed a motion to dismiss for lack of jurisdiction over the subject matter pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). On 17 December 1999, the trial court entered an order granting defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff appeals from this ruling.

We begin by noting that any cause of action based upon alleged negligence or misconduct of any clerk of superior court in the performance of his or her official duties must comply with N.C. Gen. Stat. § 58-76-5. The parties do not address this requirement in their arguments on appeal, but we emphasize that nothing in this opinion is intended to affect the application of G.S. § 58-76-5 to any such claim.

Plaintiff argues the trial court erred in granting defendants' Rule 12(b)(6) motion. Under Rule 12(b)(6), a claim should not be dismissed unless it appears beyond doubt that plaintiff is entitled to no relief under any set of facts which could be proven. *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 401 S.E.2d 133 (1991). "[T]his will occur when there is a want of law to support a claim of the sort made, an absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim." *Id.* at 123, 401 S.E.2d at 135. In analyzing the complaint under Rule 12(b)(6), the

complaint must be liberally construed. *Dixon v. Stuart,* 85 N.C. App. 338, 354 S.E.2d 757 (1987). In reviewing the grant of a motion to dismiss for failure to state a claim, the question for an appellate court is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Miller v. Nationwide Mutual Ins. Co.,* 112 N.C. App. 295, 300, 435 S.E.2d 537, 541 (1993), *disc. review denied,* 335 N.C. 770, 442 S.E.2d 519 (1994).

In the present case, plaintiff contends defendant Hartgrove failed to properly maintain the public records of Stokes County, which he was required by law to do as Clerk of Superior Court of Stokes County. Plaintiff alleges the notice of *lis pendens* filed in connection with 96 CVD 115 did not show up in the public records of Stokes County during the title examination conducted by the closing attorney, William F. Marshall, Jr. Specifically, plaintiff alleges the notice of *lis pendens* was not properly indexed in the judgment index, as required by N.C. Gen. Stat. §§ 1-117 and 7A-109(b)(6). Taking all of the allegations of plaintiff's complaint as true, the underlying basis of plaintiff's claim is that she was entitled to have the notice of *lis pendens* that was filed in connection with 96 CVD 115 cross-indexed to appear on the public record. If defendant Hartgrove was not required by law to cross-index the notice of *lis pendens* filed in connection with 96 CVD 115, then his failure to do so, whether negligent or intentional, cannot be the basis for any claim for relief. Therefore, the question for this Court is whether 96 CVD 115 is the type of action in which a notice of *lis pendens* is required to be cross-indexed to appear on the public record.

In this State the common law rule of *lis pendens* has been replaced by the provisions of N.C. Gen. Stat. § 1-116 to N.C. Gen. Stat. § 1-120.2. *Cutter v. Realty Co.,* 265 N.C. 664, 144 S.E.2d 882 (1965). Thus, valid notice of *lis pendens* is only proper in one of the three types of actions enumerated in G.S. § 1-116(a), which reads as follows:

(a) Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, which notice shall be cross-indexed in accordance with G.S. 1-117, in the following cases:

(1) Actions affecting title to real property;

(2) Actions to foreclose any mortgage or deed of trust or to enforce any lien on real property; and

(3) Actions in which any order of attachment is issued and real property is attached.

N.C. Gen. Stat. § 1-116(a) (1999); *Cutter*, 265 N.C. 664, 667, 144 S.E.2d 882, 884. "[N]otice of *lis pendens* may not properly be filed except in an action, a purpose of which is to affect *directly* the title to the land in question or to do one of the other things mentioned in the statute." *Id.* at 668, 144 S.E.2d at 885 (emphasis added). Since it is clear from the complaint in 96 CVD 115 that the nature of plaintiff's action does not fall within (a)(2) or (a)(3), then the notice of *lis pendens* filed by plaintiff in 96 CVD 115 can only be required to be cross-indexed by the clerk of superior court pursuant to N.C. Gen. Stat. § 1-117 if it *directly* affects title to real property.

In determining whether a cause of action affects title to real property within the meaning of G.S. § 1-116(a)(1), the nature of the action must be analyzed by reference to the facts alleged in the body of the complaint rather than by what is contained in the prayer for relief. *Pegram v. Tomrich Corp.*, 4 N.C. App. 413, 166 S.E.2d 849 (1969). Although plaintiff's prayer for relief asks the court to order defendant to refinance the property or reconvey a one-half interest in the property to the plaintiff, our analysis must focus solely on the allegations of the complaint, and whether they give rise to an action that sufficiently affects title to real property.

Actions which are considered to fall within the *lis pendens* statute include actions to set aside deeds or other instruments for fraud, to require specific performance, or to correct a deed for mutual mistake, and other like cases where the claim is brought for the purpose of changing the record, not for the purpose of preventing a change in the record. *Cutter*, 265 N.C. 664, 144 S.E.2d 882. "An action to establish a trust as to certain described real property is an action 'affecting title to real property' under G.S. 1-116(a)(1) . . . ." *Pegram*, 4 N.C. App. 413, 415, 166 S.E.2d 849, 851. Likewise, "a claim for relief by a creditor seeking to set aside a fraudulent conveyance pursuant to G.S. 39-15 *et seq.* constitutes an action 'affecting title to real property' within the meaning of G.S. 1-116(a)(1)." *Bank v. Evans*, 296 N.C. 374, 381, 250 S.E.2d 231, 236 (1979). However, the courts of this state have consistently held that the *lis pendens* statute does not apply to an action the purpose of which is to secure a personal money judgment even though such a judgment, if obtained and properly dock-

eted, is a lien upon the land of the defendant named in the complaint. *Cutter,* 265 N.C. 664, 144 S.E.2d 882; *Pegram,* 4 N.C. App. 413, 166 S.E.2d 849.

Focusing on the allegations of the complaint, plaintiff's cause of action in 96 CVD 115 does not fit into the category of cases which have been held to *directly* affect title to real property under the *lis pendens* statute. There is no allegation that the separation agreement included an agreement, express or implied, that defendant hold title to the marital home as trustee for the mutual benefit of the parties. Nor is there any allegation of fraudulent conduct on the part of defendant which could support imposition of a constructive trust declaring defendant trustee. The allegations of plaintiff's complaint do not support a claim for specific performance requiring reconveyance of one-half of the marital home to plaintiff, nor any other claim brought for the purpose of changing the record. Plaintiff's complaint merely alleges that her former husband did not abide by the terms of their separation agreement, thereby causing damage to plaintiff. Plaintiff's complaint is similar to the personal money judgment claims which have consistently been held not to affect title to real property within the meaning of G.S. § 1-116(a)(1). Therefore, we hold that an action to enforce a separation agreement, absent any allegation of fraudulent conduct, or the existence of an express or implied trust, or allegations that would support a cause of action for specific performance, does not have the *direct* affect on title to real property required to bring it within the meaning of G.S. § 1-116(a)(1). This is the case, notwithstanding the fact the plaintiff may have released marital property rights pursuant to the separation agreement. *Cf. McLeod v. McLeod,* 266 N.C. 144, 146 S.E.2d 65 (1966). Consequently, we find that plaintiff's cause of action in 96 CVD 115 does not have a sufficient *direct* affect on title to real property to bring it within the *lis pendens* statute.

Based on our conclusion that plaintiff's cause of action in 96 CVD 115 does not affect title to real property, plaintiff was not entitled to have the notice of *lis pendens* cross-indexed on the public record, and defendant Hartgrove's failure to do so cannot be a proper legal basis for the claim in the instant case. Therefore, we hold the trial court did not err in granting defendants' Rule 12(b)(6) motion to dismiss.

Affirmed.

Judges WALKER and HUNTER concur.