GANNETT PACIFIC CORPORATION D/B/A ASHEVILLE CITIZEN-TIMES PUBLISHING COMPANY, AN HAWAII CORPORATION, AND CHESAPEAKE TELEVISION, INC., T/D/B/A WLOS-TV, A MARYLAND CORPORATION, PLAINTIFFS V. NORTH CAROLINA STATE BUREAU OF INVESTIGATION, A PUBLIC LAW ENFORCEMENT AGENCY OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA03-962

(Filed 4 May 2004)

**Public Records— exemptions—criminal investigation—criminal intelligence information**

Although the trial court did not err in a declaratory judgment action by dismissing plaintiffs' complaint seeking production of records of a criminal investigation or records of criminal intelligence information conducted by defendant State Bureau of Investigation (SBI) related to a fatal fire that occurred in a county jail, plaintiffs are entitled to release of any other information classified as public records under N.C.G.S. §§ 132-1.4(c) and (k) as well as any other public records not specifically exempted from disclosure, because: (1) the Public Records Act under N.C.G.S. § 132-1 provides exemptions including that records of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information compiled by public law enforcement agencies are not public records; (2)

exclusion of these types of records protects confidentiality of government informants, protects investigative techniques used by law enforcement agencies, and protects against the use of hearsay that investigators often use for their opinions and conclusions; (3) if investigatory files were made public subsequent to the termination of enforcement proceedings, the ability of any investigatory body to conduct future investigations would be seriously impaired when few persons would respond candidly to investigators if they feared that their remarks would become public record, the investigative techniques of the investigating body would be disclosed to the general public, and a person's right of privacy would be violated if their name was mentioned or accused of wrongdoing in unverified or unverifiable hearsay statements of others included in such reports; (4) the Public Records Act contains no exception for disclosure of records where an investigation is complete; and (5). plaintiffs are neither criminal defendants nor civil litigants seeking discovery of admissible evidence to be used in trial, but instead they sought access to the SBI records due to their desire to know and publish the contents.

Appeal by plaintiffs from order entered 28 April 2003 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Court of Appeals 16 March 2004.

*Kelly & Rowe, P.A., by James Gary Rowe, for plaintiff appellants.*

*Attorney General Roy Cooper, by Special Deputy Attorney General John H. Watters, for defendant appellee.*

WYNN, Judge.

Plaintiffs Gannett Pacific Corporation and Chesapeake Television, Inc. appeal from an order of the trial court dismissing their complaint seeking production of records of a criminal investigation conducted by Defendant North Carolina State Bureau of Investigation ("the SBI"). Plaintiffs argue the records are not statutorily protected from disclosure and should be released. After careful consideration, we conclude Plaintiffs are not entitled to release of the SBI's records of its criminal investigation or criminal intelligence information. We further conclude Plaintiffs are entitled to release of any other information classified as public records under the North

Carolina General Statutes. We therefore affirm in part and reverse in part the order of the trial court.

The underlying facts tend to show that on 3 February 2003, Plaintiffs filed a declaratory judgment against the SBI in Buncombe County Superior Court, seeking release of investigative records related to a fatal fire that occurred at the Mitchell County Jail in Bakersville, North Carolina on 3 May 2002. Plaintiffs alleged that since investigation of the fire was complete and no further investigation was pending, the SBI had "no just reason for withholding from disclosure the records of the criminal investigation" under North Carolina's Public Records Act. Following the trial court's dismissal of their action under Rule 12(b)(6) of the Rules of Civil Procedure, Plaintiffs appealed.

---

The issue on appeal is whether Plaintiffs are entitled, under our Public Records Act, to disclosure of documents relating to a criminal investigation completed by the North Carolina State Bureau of Investigation. For the reasons stated herein, we conclude Plaintiffs are not entitled to disclosure of the SBI's records of its criminal investigation or criminal intelligence information at issue, and the trial court therefore properly dismissed Plaintiffs' complaint to the extent that it sought release of such documents. Because Plaintiffs are statutorily entitled to any other information in the possession of the SBI that qualifies as public records under the Public Records Act, however, the trial court erred in part in ruling Plaintiffs' complaint failed to state a claim upon which relief could be granted.

The Public Records Act, codified in sections 132-1 *et seq.* of the North Carolina General Statutes, "affords the public a broad right of access to records in the possession of public agencies and their officials." *Times-News Publishing Co. v. State of N.C.*, 124 N.C. App. 175, 177, 476 S.E.2d 450, 451-52 (1996), *disc. review denied*, 345 N.C. 645, 483 S.E.2d 717 (1997); *see also News and Observer Publishing Co. v. Poole*, 330 N.C. 465, 475, 412 S.E.2d 7, 13 (1992) (stating that the General Assembly's intent in enacting the Public Records Act was to provide the public with liberal access to public records). The Public Records Act permits public access to all public records in an agency's possession "*unless* either the agency or the record is specifically exempted from the statute's mandate." *Times-News Publishing Co.*, 124 N.C. App. at 177, 476 S.E.2d at 452 (emphasis added). Under the Public Records Act, "public records" include "all . . . material, regardless of physical form or characteristics, made or received pursuant to

law or ordinance in connection with the transaction of public business by any agency of North Carolina government or its subdivisions." N.C. Gen. Stat. § 132-1(a) (2003). Public records and information compiled by North Carolina government agencies "are the property of the people." N.C. Gen. Stat. § 132-1(b) (2003). "Therefore, it is the policy of this State that the people may obtain copies of their public records and public information free or at minimal cost unless otherwise specifically provided by law." *Id.*

The Public Records Act contains various exemptions, however. One such exemption provides that "[r]ecords of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information compiled by public law enforcement agencies are not public records as defined by G.S. 132-1." N.C. Gen. Stat. § 132-1.4(a) (2003). "Public law enforcement agencies" include "any State or local agency, force, department, or unit responsible for investigating, preventing, or solving violations of the law." N.C. Gen. Stat. § 132-1.4(b)(3) (2003). "Records of criminal investigations" are defined as "all records or any information that pertains to a person or group of persons that is compiled by public law enforcement agencies for the purpose of attempting to prevent or solve violations of the law, including information derived from witnesses, laboratory tests, surveillance, investigators, confidential informants, photographs, and measurements." N.C. Gen. Stat. § 132-1.4(b)(1) (2003). "Records of criminal intelligence information" means "records or information that pertain to a person or group of persons that is compiled by a public law enforcement agency in an effort to anticipate, prevent, or monitor possible violations of the law." N.C. Gen. Stat. § 132-1.4(b)(2) (2003).

Because records of criminal investigations and records of criminal intelligence information are not public records, a party seeking disclosure of such records must seek release "by order of a court of competent jurisdiction." N.C. Gen. Stat. § 132-1.4(a). For example, a criminal defendant may seek an order of the trial court requiring disclosure of information compiled by public law enforcement agencies pursuant to the discovery process governed by Chapter 15A of the General Statutes. *See* N.C. Gen. Stat. § 132-1.4(g) (2003). However, "[n]othing in [section 132-1.4] shall be construed as requiring law enforcement agencies to disclose . . . (1) [i]nformation that would not be required to be disclosed under Chapter 15A of the General Statutes; or (2) [i]nformation that is reasonably likely to identify a confidential informant." N.C. Gen. Stat. § 132-1.4(h) (2003).

Despite the above-stated exemption for records of criminal investigations and intelligence information records, the following information collected by law enforcement agencies qualifies as public records:

(1) The time, date, location, and nature of a violation or apparent violation of the law reported to a public law enforcement agency.

(2) The name, sex, age, address, employment, and alleged violation of law of a person arrested, charged, or indicted.

(3) The circumstances surrounding an arrest, including the time and place of the arrest, whether the arrest involved resistance, possession or use of weapons, or pursuit, and a description of any items seized in connection with the arrest.

(4) The contents of "911" and other emergency telephone calls received by or on behalf of public law enforcement agencies, except for such contents that reveal the name, address, telephone number, or other information that may identify the caller, victim, or witness.

(5) The contents of communications between or among employees of public law enforcement agencies that are broadcast over the public airways.

(6) The name, sex, age, and address of a complaining witness.

N.C. Gen. Stat. § 132-1.4(c) (2003). In addition, "[t]he following court records are public records and may be withheld only when sealed by court order: arrest and search warrants that have been returned by law enforcement agencies, indictments, criminal summons, and nontestimonial identification orders." N.C. Gen. Stat. § 132-1.4(k) (2003).

In the instant case, Plaintiffs requested the SBI produce for their inspection the following documents:

1) A copy of the SBI report regarding the May 3, fire at the Mitchell County jail submitted to Mitchell County District Attorney James Rusher in July 2002.

2) A copy of the SBI report regarding the May 3 fire at the Mitchell County jail submitted to Mr. Rusher in November 2002.

3) All supporting documentation from the SBI's investigation into the Mitchell County jail fire.

4) Any and all correspondence between Mr. Rusher and the SBI regarding the Mitchell County jail fire and the subsequent investigation.

5) Any warrants obtained by investigators in regards to the Mitchell County jail fire.

Plaintiffs further requested "all public records relating to the investigation of the May 3, 2002 fire at the Mitchell County, North Carolina jail."

Plaintiffs are clearly entitled to any information defined as public records under sections 132-1.4(c) and (k) of the General Statutes, and any public records relating to the Mitchell County fire not specifically exempted from disclosure that the SBI may or may not possess. As Plaintiffs requested access to "all public records," which request the SBI categorically denied, Plaintiffs' complaint stated a claim upon which relief could be granted. The trial court therefore erred in part in granting the SBI's motion to dismiss Plaintiffs' complaint. The burden is on the SBI to comply with Plaintiffs' request by reviewing its records and releasing all information relating to the Mitchell County fire defined as public records. If, after reviewing its records, the SBI determines it does not have custody of any information classified as public records, denial of Plaintiffs' request may be appropriate. Before this determination is made, however, dismissal of Plaintiffs' complaint is premature.

More pertinently, however, Plaintiffs have consistently sought disclosure of the SBI's criminal investigation records related to the Mitchell County fire. Plaintiffs acknowledge that records of criminal investigations and criminal intelligence information records compiled by the SBI are not public records, but argue that the exemption of such records from the Public Records Act should not apply where no criminal prosecution has been or will be undertaken, and where the SBI's investigation is complete. Plaintiffs urge this Court to adopt a "balancing approach" to disclosure of records of criminal investigations which would allow a reviewing court in each particular case to weigh the various purposes for secrecy against the public need and right to disclosure of the documents at issue. We are not persuaded.

The principles governing statutory construction are well established: where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe a statute using its plain meaning. *Burgess v. Your House of*

*Raleigh,* 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). Section 132-1.4(a) clearly and unambiguously provides that any "[r]ecords of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information compiled by [the SBI] are not public records as defined by G.S. 132-1." N.C. Gen. Stat. § 132-1.4(a) (emphasis added). Plaintiffs are therefore not entitled to disclosure of the records as public records. Further, Plaintiffs have not alleged they are entitled to disclosure of the records through any alternate statutory grounds. For example, Plaintiffs have not alleged they are parties to any criminal or civil action which might facilitate disclosure of the records through the discovery processes contained in Chapter 15A of the General Statutes or the North Carolina Rules of Civil Procedure. We further note that "[c]ourts have given almost universal recognition to certain reasons for excluding police and investigative records from the operation of statutory rights of public access." *News and Observer v. State; Co. of Wake v. State; Murphy v. State,* 312 N.C. 276, 282, 322 S.E.2d 133, 137-38 (1984). Such reasons include, but are not limited to the following: (1) protection of confidentiality of government informants; (2) protection of investigative techniques used by law enforcement agencies; (3) criminal investigation reports contain the opinions and conclusions of the investigators and may be based on hearsay. *See id.* These justifications do not dissipate upon conclusion of an investigation or where no actual prosecution takes place. As noted by our Supreme Court,

> "[i]t is clear that if investigatory files were made public subsequent to the termination of enforcement proceedings, the ability of any investigatory body to conduct future investigations would be seriously impaired. Few persons would respond candidly to investigators if they feared that their remarks would become public record after the proceedings. Further, the investigative techniques of the investigating body would be disclosed to the general public." An equally important reason for prohibiting access to police and investigative reports arises from recognition of the rights of privacy of individuals mentioned or accused of wrongdoing in unverified or unverifiable hearsay statements of others included in such reports.

*Id.* at 282-83, 322 S.E.2d at 138 (citations omitted) (quoting *Aspin v. Department of Defense,* 491 F. 2d 24, 30 (D.C. Cir. 1973)).

In their complaint, Plaintiffs specifically sought disclosure of the records "pursuant to the Public Records Act." The Public Records Act

does not provide for disclosure of records of criminal investigations or criminal intelligence information, however, and we may not circumvent the plain language of the statute. While we acknowledge that Plaintiffs' "balancing approach" might better serve the public interest where criminal investigations are complete and no action is pending, we are but jurists and not members of the General Assembly. As currently enacted, the Public Records Act contains no exception for disclosure of records where an investigation is complete. "Courts may not extend a statute to cover cases not within its scope or purpose, however meritorious they may be." *Burgess*, 326 N.C. at 218, 388 S.E.2d at 142. We decline to create exceptions to a statute where none exist. As such, Plaintiffs must seek relief from the General Assembly and not the judiciary.

In sum, the records of the SBI's criminal investigation and criminal intelligence information sought by Plaintiffs are not public records. Moreover, Plaintiffs are neither criminal defendants nor civil litigants seeking discovery of admissible evidence to be used in a trial. "Instead, [they] sought access to the S.B.I. records only due to [their] desire to know and publish the contents." *News and Observer*, 312 N.C. at 284, 322 S.E.2d at 139. As such, under North Carolina law, they are not entitled to disclosure of the documents sought. To the extent the trial court dismissed Plaintiffs' complaint seeking access to such documents, dismissal was proper.

The trial court erred in granting the SBI's motion to dismiss Plaintiffs' complaint, inasmuch as the complaint sought access to "all public records" relating to the Mitchell County fire in the possession of the SBI, a State governmental agency. Plaintiffs are clearly entitled to information classified as public records under the six exceptions listed in section 132-1.4(c) of the General Statutes, arrest and search warrants, indictments, criminal summons, and nontestimonial identification orders under section 132-1.4(k), and any other public records not specifically exempted from disclosure. Dismissal was otherwise proper. We therefore reverse in part the order of the trial court and remand for a determination of whether the SBI has in its possession any information related to the Mitchell County fire defined as public records under sections 132-1.4(c) and (k) of the General Statutes to which Plaintiffs are entitled, or any other information not specifically exempted from disclosure. We otherwise affirm the order of the trial court.

SANDY MUSH PROPS., INC. v. RUTHERFORD CTY.

[164 N.C. App. 162 (2004)]

Affirmed in part, reversed in part, and remanded.

Judges HUNTER and TYSON concur.