STATE EMPLOYEES ASSOCIATION OF NORTH CAROLINA, INC., PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF STATE TREASURER, AND RICHARD H. MOORE, IN HIS CAPACITY AS TREASURER OF THE STATE OF NORTH CAROLINA, DEFENDANTS

No. COA08-1326

(Filed 3 November 2009)

**Declaratory Judgments— motion to dismiss—sufficiency of evidence**

The trial court did not err by granting defendants' Rule 12(b)(6) motion to dismiss plaintiff's declaratory judgment action requesting the production of certain records under N.C.G.S. § 132-9(a) where defendants reviewed their records, produced all responsive public records, and requested that plaintiff provide a list of specific information they believed to be missing.

Judge ELMORE dissenting.

Appeal by Plaintiff from judgment entered 21 July 2008 by Judge James E. Hardin in Wake County Superior Court. Heard in the Court of Appeals 21 May 2009.

*Blanchard, Miller, Lewis and Styers, P.A. by E. Hardy Lewis and Karen M. Kemerait, for Plaintiff-Appellants.*

*Shanahan Law Group, PLLC, by Kieran J. Shanahan and Steven K. McCallister; and Department of State Treasurer, by Jay J. Chaudhuri.*

BEASLEY, Judge.

Plaintiff appeals from an order dismissing Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. For the reasons stated below, we affirm.

Plaintiff is a nonprofit corporation incorporated in North Carolina, whose purposes include promoting the best interests and welfare of current, retired, and future employees of the State of North Carolina. On 1 February 2008, Plaintiff filed a complaint against North Carolina Department of State Treasurer (Defendant Department) and Richard H. Moore (Defendant Moore), Treasurer of the State of North Carolina (collectively Defendants). Under N.C. Gen. Stat. § 132-1 through 132-10, Plaintiff made a request for documents under public records law.

The complaint alleged that the 12 March 2007 issue of *Forbes* magazine published an article entitled "Pensions, Pols and Payola." The article:

insinuat[ed] that the Defendant Moore had instituted a "pay for play" system over investment decisions as sole fiduciary for the $73 billion in the state retirement system, had initially failed to provide public record information about the identity and payments to individual investment fund managers hired or retained by his office, had hired a private law firm to handle *Forbes'* inquiries, and only handed over those records after *Forbes* threatened him with a lawsuit.

Based on the information provided in the *Forbes* article, Plaintiff's Executive Director, on behalf of Plaintiff, wrote a letter to Defendant Moore on 1 March 2007. The letter requested the following information:

1. All documents from the Office of State Treasurer and the law firm retained regarding the dispute with *Forbes* over the magazine's request for information and the documents provided to Forbes.

2. A complete accounting of how the law firm was paid and the total cost to taxpayers.

3. All investment reports that your office has been required during your tenure to file with the legislature under GS 147-69.3(h)-(i), any other investment reports that have been required to be publicly filed under state law and identification of such reports that have not been filed.

4. A list of all current investment managers, their performance by year (or total time if shorter than a year) and the total fee amounts being paid by your office.

STATE EMPLOYEES ASS'N OF N.C., INC. v. N.C. DEP'T OF STATE TREASURER

[200 N.C. App. 722 (2009)]

In response to the March 2007 letter, Defendant Moore met with Plaintiff's Board of Governors, delivered to them 700 pages of public documents, and gave a presentation on those documents and the status of the pension fund. Plaintiff believed that the documents provided by Defendant Moore were incomplete and did not fully satisfy the March 2007 letter's request. On 16 October 2007, Plaintiff wrote a second letter to Defendant Moore. Plaintiff requested the following records, in addition to the records requested in the first letter:

1. All private equity, hedge fund or real estate investments made or maintained by the Treasurer's Office on behalf of the state's pension funds since January 1, 2001. Please provide records that show the following information for each year that the investment was maintained by the Treasurer's Office:

   a. Name of the fund or partnership

   b. Name of the principals, fund managers and general partners

   c. Date of the initial commitment, initial investment and any follow-[up] communications

   d. Amount of capital committed and the actual amount of funds paid

   e. Cash paid out

   f. Remaining or estimated value

   g. Internal rate of return

   h. Investment multiple or return on capital

2. Records that show the fees paid to each external investment manager for the state's pension funds, including brokers, private equity managers, hedge fund managers and real estate investment managers since January 6, 2001. Please provide records that show the fees paid on an annual or monthly basis.

3. Records that show the fees paid to each broker, bank or other financial institution that manages or holds the investments, cash and/or deposits in the Cash Management Program from January 6, 2001, to the present. Please provide records that show the fees paid on an annual or monthly basis.

4. Records that show all stocks held each year by the state retirement system (including externally managed funds) administered by the State Treasurer from January 6, 2001, to the present.

STATE EMPLOYEES ASS'N OF N.C., INC. v. N.C. DEP'T OF STATE TREASURER

[200 N.C. App. 722 (2009)]

5. Records that show the identity of each person who has served on the State Treasurer's investment committee since January 6, 2001. Please provide records that show the dates of service for each advisor, including any SEC investment advisor, registration forms or form ADV's provided to or retrieved by the State Treasurer's Office.

Plaintiff wrote a third letter to Defendant Moore on 6 December 2007, warning that if Defendant Moore did not supply the requested documents by 31 December 2007, Plaintiff would take "appropriate legal action to require your compliance with the Public Records Act." After the 6 December 2007 letter, Plaintiff and Defendants exchanged six additional letters between 21 December 2007 and 24 January 2008. In a 21 December 2007 letter, Defendants communicated to Plaintiff that they believed their production of the more than 700 documents had fully satisfied Plaintiff's 1 March 2007 request, and that if Plaintiff believed that there were "still outstanding documents from [their] requests", it should provide Defendants with a list of specific information it desired.

In February 2008, Plaintiff filed a complaint alleging that Defendants had violated the North Carolina Public Records Act, set out in N.C. Gen. Stat. § 132-1 *et seq.* Plaintiff sought a declaratory judgment that the requested records be deemed public records under N.C. Gen. Stat. § 132-1 and an order requiring Defendants to produce the requested records to Plaintiff under N.C. Gen. Stat. § 132-9(a). In March 2008, Defendants filed an answer seeking dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In July 2008, the trial court entered an order granting Defendants' motion to dismiss and dismissing Plaintiff's complaint. From this order, Plaintiff appeals.

Plaintiff argues that the trial court erred in granting Defendants' Rule 12(b)(6) motion to dismiss because Plaintiff's complaint alleged all necessary elements to state a claim for production of records under the Public Records Act. For the reasons stated below, we disagree.

On appellate review, we must determine whether:

as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper when one of the following three

conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citations omitted). "In analyzing the complaint under Rule 12(b)(6), the complaint must be liberally construed." *George v. Administrative Office of the Courts*, 142 N.C. App. 479, 481-82, 542 S.E.2d 699, 701 (2001). We review the trial court's decision *de novo*. *Id.*

Plaintiff alleged in their complaint, that Defendants had "failed to provide copies of a significant portion of the public records requested in [the 1 March 2007 letter] and practically all of the public records requested in [the 16 October 2007] letter." The Public Records Act:

codified in sections 132-1 *et seq.* of the North Carolina General Statutes "affords the public a broad right of access to records in the possession of public agencies and their officials." . . . [It] permits public access to all public records in an agency's possession "*unless* either the agency or the record is specifically exempted from the statute's mandate."

*Gannett Pacific Corp. v. N.C. State Bureau of Investigation*, 164 N.C. App. 154, 156, 595 S.E.2d 162, 163-64 (2004) (quoting *Times-News Publishing Co. v. State of N.C.*, 124 N.C. App. 175, 177, 476 S.E.2d 450, 451-52 (1996)). In a claim under the Public Records Act,:

[t]he burden is on the [Defendants] to comply with Plaintiff's request by reviewing its records and releasing all information relating to [Plaintiff's request] defined as public records. If, after reviewing its records, [Defendants] determine[] it does not have custody of any information classified as public records, denial of Plaintiff's request may be appropriate. Before this determination is made, however, dismissal of Plaintiffs' complaint is premature.

*Id.* at 159, 595 S.E.2d at 165.

In the present case, Defendants alleged in their answer that they had reviewed their records and produced all responsive public records, amounting to over 2,000 pages. Defendants also alleged that other documents were "excepted from Plaintiff's public records request as 'trade secrets' within the meaning of N.C. Gen. Stat. § § 132-1.2(1)a and 66-152(3)[.]" Defendants delivered numerous doc-

uments to Plaintiff, met with Plaintiff to offer an explanation of the records that were produced, and requested that Plaintiff provide a list of specific items that they believed were missing. After Defendants reviewed their records to determine which records were public, it was reasonable for Defendants to deny Plaintiff's requests regarding the public records that were not in their possession and records which contained trade secrets and therefore were within the public records exception.

We hold that the face of Plaintiff's complaint failed to state sufficient facts to make a valid claim under the Public Records Act. The complaint did not allege that Defendants were in possession of any particular public records that were being wrongfully withheld from Plaintiff, but merely alleged that Defendants had failed to provide portions of the requested public records. Because Defendants reviewed their records and requested that Plaintiff provide a list of specific information they believed to be missing, Defendants met their burden. The granting of Defendants' Rule 12(b)(6) motion was not premature.

The dissent contends that "the majority's interpretation of the elements of a legitimate claim under the Public Records Act is inconsistent with our holding in *Gannett Pacific Corp. v. N.C. State Bureau of Investigation,* 164 N.C. App. 154, 595 S.E.2d 162 (2004)." We hold that the procedures followed by Defendants were consistent with the procedures contemplated by *Gannett.* Defendants fully complied by reviewing and releasing all public records that were in their custody, pursuant to Plaintiff's requests. The dissent also believes that the definition of "public records" does not include a "possession" requirement. N.C. Gen. Stat. § 132-6(a) (2007) states that "[e]very custodian of public records shall permit any record in the *custodian's custody* to be inspected and examined. . . ." (emphasis added). Accordingly, the plain language of the statute suggests that a custodian of public records is required to only produce public records in their *custody.* We hold that although Plaintiff did not have the burden of showing Defendants' possession of the requested public records, Defendants correctly reviewed their records, determined which public records were in their possession, and produced the responsive public records.

For the foregoing reasons, we affirm the trial court's order and hold that the trial court did not err in granting Defendants' motion to dismiss pursuant to Rule 12(b)(6).

Affirmed.

Judge BRYANT concurs.

Judge ELMORE dissents by separate opinion.

ELMORE, Judge, dissenting.

For the reasons stated below, I respectfully dissent from the majority opinion affirming the dismissal of plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of our Rules of Civil Procedure.

The Public Records Act requires state government agencies to grant reasonable access to public records when requested. "[I]t is the policy of this State that the people may obtain copies of their public records and public information free or at minimal cost unless otherwise specifically provided by law." N.C. Gen. Stat. § 132-1(b) (2007). N.C. Gen. Stat. § 132-9 provides a cause of action when a government agency denies access to public records:

> Any person who is denied access to public records for purposes of inspection and examination, or who is denied copies of public records, may apply to the appropriate division of the General Court of Justice for an order compelling disclosure or copying, and the court shall have jurisdiction to issue such orders.

N.C. Gen. Stat. § 132-9(a) (2007).

The majority holds that, to make a valid claim under the Public Records Act, a plaintiff must plead that defendants "were in possession of . . . particular public records that were being wrongfully withheld" and that alleging that defendants "had failed to provide portions of . . . requested public records" was insufficient. Our courts have not yet specified the elements needed to make such a claim, but, based upon the plain language of § 132-9(a), it appears clear that a plaintiff must allege that (1) it sought access to public records (2) for purposes of inspection and examination and (3) was denied access to those public records. I see no statutory requirement that a plaintiff plead that the government has possession of the requested public documents. Whether the government agency has possession of the requested documents is perhaps a valid *defense* to a claim under § 132-9, but does not appear in the statute creating the cause of

action. Moreover, the definition of "public records" does not include a "possession" requirement. Instead, whether a particular record is "public" is based in the purpose of the record's creation. *See* N.C. Gen. Stat. § 132-1 (2007) (" 'Public record' or 'public records' shall mean all documents, papers, letters, maps, books, photographs, films, sound recordings, magnetic or other tapes, electronic data-processing records, artifacts, or other documentary material, regardless of physical form or characteristics, *made or received pursuant to law or ordinance in connection with the transaction of public business* by any agency of North Carolina government or its subdivisions.") (emphasis added). Accordingly, I believe that plaintiff adequately pled that it sought access to public records for purposes of inspection and examination and that defendants did not provide access to those public records; plaintiff's use of the phrase "did not provide" rather than "denied access" in the complaint is inconsequential.

I also believe that the majority's interpretation of the elements of a legitimate claim under the Public Records Act is inconsistent with our holding in *Gannett Pacific Corp. v. N.C. State Bureau of Investigation*, 164 N.C. App. 154, 595 S.E.2d 162 (2004). In *Gannett*, the plaintiff news corporation sought records of a criminal investigation conducted by the SBI by filing a request under the Public Records Act. *Id.* at 155, 595 S.E.2d at 163. The SBI completely denied Gannett's request and Gannett brought suit under the Public Records Act. *Id.* at 159, 595 S.E.2d at 165. The SBI moved to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). *Id.* at 145, 595 S.E.2d at 163. The trial court granted the motion and dismissed; Gannett appealed to this Court, which reversed and remanded. *Id.* We explained that, although Gannett was not entitled to disclosure of "the SBI's records of its criminal investigation or criminal intelligence information," it was "entitled to release of any other information classified as public records under the North Carolina General Statutes." *Id.* at 155-56, 595 S.E.2d at 163. Because Gannett requested "all public records relating to the investigation of the May 3, 2002 fire at the Mitchell County, North Carolina jail," the SBI's categorical denial was improper because its records likely extended beyond the exempted material and included public records. *Id.* at 159, 595 S.E.2d at 165. We explained:

> The burden is on the SBI to comply with Plaintiffs' request by reviewing its records and releasing *all information* relating to the Mitchell County fire *defined as public records.* If, after reviewing its records, the SBI determines it does not have *cus-*

*tody* of any information classified as public records, denial of Plaintiffs' request *may* be appropriate. Before this determination is made, however, dismissal of Plaintiffs' complaint is premature.

*Id.* (emphases added). Certainly, dismissal of a Public Records Act complaint *may be appropriate* if the government determines that it does not have custody of certain requested public records. However, dismissal is not required, especially when it appears that the requested documents are public records and exist, but have not been provided because the government deems a request to be "overly broad and complex, requiring documents from numerous sources and time periods" as defendants stated in an 18 January 2008 letter to plaintiff.

Here, plaintiff has a believable claim that defendants have improperly denied access to certain requested public records. Plaintiff appended, as an exhibit to its complaint, a 24 January 2008 letter to Sara Y. Lang, Director of Communications for the North Carolina Department of State Treasurer. In· this letter, plaintiff described with specificity documents that it believed were public and had not been released by defendants:

With Ms. Lang's January 18 letter you appear to have provided most of the e-mail correspondence from representatives of Forbes to Sara Lang. However, it is clear that not all documents containing correspondence from Forbes has been provided. The January 19, 2007, 3:43 p.m. e-mail from Kai Falkenberg to Ms. Lang refers to an attached letter "a copy of which—with enclosures—has also been sent to you by fax." You have provided neither that letter nor the enclosures. Moreover, Neil Weinberg's message on the same date refers to a letter faxed to Ms. Lang from Forbes' attorney. If this is not the same letter referred to by Ms. Falkenberg, then you have not provided a copy of it.

In addition, except for some responses that are attached to the Forbes e-mails, you have not provided all responses from Ms. Lang to Forbes. For example, attached to the February 14, 2007, e-mail message from Jason Storbakken is an e-mail from Ms. Lang stating: "Please see answers inserted in your original e-mail below." However, you have not produced the e-mail that contains Ms. Lang's answers. Moreover, attached to Jason Storbakken's message of February 14, 2007, 6:16 p.m., is a message stating: "On 2/14/07 PM, 'Sara Lang' . . . wrote:" but the text of Ms. Lang's message is omitted. It is difficult for me· to draw any conclusion

except that Ms. Lang's message has been intentionally deleted from the document.

Finally, based on the size of the fee paid to the retained law firm and, thus, the number of hours that firm must have worked on this issue, it would appear that there must have been electronic or written correspondence between your office and that law firm regarding the Forbes public information request. However, no copies of any such correspondence have been produced.

The letter also reiterated that defendants had still not provided copies of the investment reports that the State Treasurer must file pursuant to N.C. Gen. Stat. § 147-69.3(h)-(i) even though those reports "are apparently from a set of reports routinely compiled and readily accessible for copying."

Accordingly, I would reverse the trial court's order dismissing plaintiff's complaint.