**REO PROPS. CORP. v. SMITH**

[227 N.C. App. 298 (2013)]

REO PROPERTIES CORPORATION, GRADY I. INGLE AND ELIZABETH B. ELLS,
SOLELY IN THEIR CAPACITIES AS SUBSTITUTE TRUSTEES UNDER CERTAIN DEED OF TRUST
RECORDED IN BOOK 1370 AT PAGE 1522 OF THE DAVIDSON COUNTY REGISTER OF DEEDS, PLAINTIFFS
v.
RONDAL RALPH SMITH, WIFE, ROBIN M. SMITH A/K/A ROBIN R. SMITH; HIGH
POINT REGIONAL HEALTH SYSTEM F/K/A HIGH POINT REGIONAL HOSPITAL
DEFENDANTS; AND ALAN C. BURTON AND WIFE, JULIE BERRIER BURTON,
INTERVENING DEFENDANTS, DEFENDANTS

No. COA12-860

Filed 21 May 2013

1. **Mortgages and Deeds of Trust—reformation of deed of trust—lis pendens properly cross-indexed**

   The trial court erred in a reformation of a deed of trust case by granting intervening defendants' motion for summary judgment and dismissing the action. Intervening defendants should not have been permitted to raise defenses to plaintiffs' claims because plaintiffs filed a notice of *lis pendens* that was properly cross-indexed in the records of the Clerk of Court in Davidson County.

2. **Attorney Fees—no longer prevailing party—cross-appeal dismissed**

   Since it was determined that the trial court erred in a reformation of a deed of trust case by granting intervening defendants' motion for summary judgment, and thus they were·no longer the prevailing party, there was no need to address the merits of their cross-appeal regarding attorney fees and expenses under N.C.G.S. § 6-21.5, and it was dismissed.

Appeal by plaintiffs from order entered 22 February 2012 and cross-appeal by intervening defendants from order entered 21 March 2012 by Judge Mark E. Klass in Davidson County Superior Court. Heard in the Court of Appeals 9 January 2013.

*Roberson Haworth & Reese, PLLC by Alan B. Powell and Christopher C. Finan, for plaintiff-appellants.*

*No briefs were filed for defendants Rondal Ralph Smith, Robin M. Smith a/k/a Robin R. Smith, or High Point Regional Health System.*

*Wyatt Early Harris Wheeler LLP, by William E. Wheeler, for intervening defendant-appellees.*

CALABRIA, Judge.

Servertis REO Pass-Through Trust I ("SRT"), REO Properties Corporation ("REO"), Grady I. Ingle and Elizabeth B. Ells, solely in their capacities as Substitute Trustees, (collectively "plaintiffs") appeal from an order granting intervening defendants Alan C. Burton and Julie Berrier Burton's ("the Burtons") motion for summary judgment and dismissing the action. We reverse and remand.

## I. Background

On 5 August 1986, Rondal Ralph Smith and Robin M. Smith ("the Smiths") acquired title to Lot #184 of Crestview Subdivision, 106 Crestview Terrace, in Davidson County, Thomasville, North Carolina ("the property") and recorded the Deed. The Smiths executed and delivered a promissory note in the principal amount of $96,000 ("the Note") to New Century Mortgage Corporation ("New Century") secured by a Deed of Trust on the property that was recorded on 16 December 2002. The Deed of Trust included the correct address of the property as 106 Crestview Terrace, Thomasville, North Carolina. However, the legal description attached as exhibit A to the Deed of Trust did not fully and completely describe the property.

Subsequently, plaintiffs discovered the mistake in the legal description of the Deed of Trust and on 26 June 2008, plaintiffs filed a complaint in Davidson County Superior Court, seeking to reform the Deed of Trust on the property. The complaint alleged that REO currently held the Note secured by the Deed of Trust and since the description of the property in the Deed of Trust was inaccurate, it should be reformed to include the full and correct legal description and relate back to the date of the original recording. Plaintiffs also sought a resulting or constructive trust and other equitable remedies. On this same date, plaintiffs also filed a Notice of *Lis Pendens* ("*lis pendens*") in Davidson County. According to plaintiffs, the *lis pendens* was properly indexed in the Davidson County Clerk's office under file number "08 M 343." On 4 September 2008, the Smiths filed a letter responding to plaintiffs' complaint.

On 13 April 2009, the Smiths filed a petition for bankruptcy. The petition included, *inter alia*, Schedules with a Notice to Creditors and a Proposed Plan regarding plaintiffs' secured claim in the amount of $92,077.90 on the property. The trial court ordered the case regarding the reformation of the Deed of Trust ("the reformation case") to remain inactive during the pendency of the Smiths' bankruptcy case. After a public auction was conducted, Judge Thomas W. Waldrep, Jr. ("Judge

Waldrep"), United States Bankruptcy Judge for the Middle District of North Carolina determined that the bid of $10,000 would not benefit the estate. Judge Waldrep entered an Order on 9 November 2010 abandoning the Smiths' estate's interest in the property located at 106 Crestview Terrace. The property was returned to the Smiths. Plaintiffs filed a motion for an order to remove the reformation case from inactive status and re-open it. Since the bankruptcy case was converted from Chapter 13 to Chapter 7, Judge Waldrep's order abandoning the Smiths' interest in the property, in effect, lifted the automatic stay. The motion to re-open the reformation case was granted by the trial court on 23 December 2010. After the property was condemned by the City of Thomasville, the Smiths conveyed the property to the Burtons by General Warranty Deed ("the Burton Deed") and executed a lien waiver. The Burton Deed was recorded on 12 April 2011.

When plaintiffs discovered that the Burtons owned the property, they informed the Burtons' attorneys about the *lis pendens*. Subsequently, on 16 May 2011, the Burtons filed a motion to intervene in the reformation case and the trial court granted the motion. On 24 May 2011, the Burtons filed an answer alleging, *inter alia*, that prior to purchasing the property a "due, proper, diligent and prudent title search" was conducted which "did not reveal the existence of The Deed of Trust with a legal description of The Property." The Burtons also alleged that the Judgment Index in the office of the Clerk of Superior Court of Davidson County reflected that a *lis pendens* had been filed which was indexed as file number 08 M 343 concerning the Smiths and the Judgment Index with file number 08 M 343 was attached. According to the Burtons, the *lis pendens* "index entry was not cross indexed to disclose the pendency of the" reformation case. The Burtons further alleged that plaintiffs' claim was not brought within the applicable statute of limitations, and should be dismissed.

The Burtons filed a motion for Judgment on the pleadings. After it was denied, the Burtons amended their answer and filed a motion for Summary Judgment, alleging, *inter alia*, their status as bonafide purchasers for value of the property without notice of any claim by plaintiffs and that the statute of limitations on plaintiffs' claim for reformation of the Deed of Trust expired before the filing of the action.

On 26 January 2012, plaintiffs filed a motion for summary judgment, claiming that the error in the Deed of Trust was a result of a mutual mistake of fact and thus should be reformed by the court. In addition, plaintiffs argued, under the doctrine of *lis pendens*, that the Deed of Trust in the reformation case should have been located by "a reasonably

prudent and careful examination of title" and that the Burtons were not bona fide purchasers without notice of the Deed of Trust.

On 22 February 2012, the trial court granted the Burtons' motion for summary judgment, denied plaintiffs' motion for summary judgment and dismissed the action. On 21 March 2012, the trial court also denied the Burtons' motion for attorneys' fees. Plaintiffs appeal and the Burtons cross-appeal.

## II. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted). Summary judgment shall be allowed "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). When the parties have filed cross-motions for summary judgment, the parties have conceded that there are no disputed issues of material fact. *Kessler v. Shimp*, 181 N.C. App. 753, 756, 640 S.E.2d 822, 824 (2007). If there are no disputed issues of material fact, we only need to determine whether summary judgment was entered properly or whether the trial court should have entered summary judgment in favor of the other party. *Self-Help Ventures Fund v. Custom Finish, LLC*, 199 N.C. App. 743, 745, 682 S.E.2d 746, 748 (2009).

The dispositive legal issue the court determined was the issue regarding the statute of limitations. The Burtons claimed that the statute of limitations had expired prior to plaintiffs' initiation of the reformation case. The trial court granted the Burtons' motion for summary judgment "in particular with regard to the expiration of the statute of limitations applicable to [p]laintiffs' claim for reformation...." However, prior to addressing the Burtons' defenses it was necessary for the trial court to determine whether the Burtons were bonafide purchasers for value, as they claimed, or merely subsequent purchasers for value. In order to determine the Burtons' status, it was necessary to first determine whether the Burtons had constructive notice of the *lis pendens*. The trial court's order denying plaintiffs' summary judgment motion did not address the *lis pendens* issue, even though the affidavits plaintiffs presented at the summary judgment hearing addressed the filing and cross-indexing of the *lis pendens* and the Burtons' attorneys' title search

found the *lis pendens* file number in the judgment index and attached it as an exhibit to their answer. Therefore, on appeal we must first determine whether the Burtons' had constructive notice of the *lis pendens*, and thus were merely subsequent purchasers for value.

### III. *Lis Pendens*

**[1]** Plaintiffs argue that the trial court erred by permitting the intervening defendants to raise defenses to plaintiffs' claims because plaintiffs filed a Notice of *Lis Pendens* that was properly cross-indexed in the records of the Clerk of Court in Davidson County. We agree.

A party "desiring the benefit of constructive notice of pending litigation must file a separate, independent notice" referred to as a Notice of *Lis Pendens* that "shall be cross-indexed ... in ... actions affecting title to real property." N.C. Gen. Stat. § 1-116(a)(2011). Actions that "fall within the *lis pendens* statute include actions to ... correct a deed for mutual mistake...." *George v. Administrative Office of the Courts*, 142 N.C. App. 479, 483, 542 S.E.2d 699, 702 (2001).

The purpose of filing and cross-indexing a Notice of *Lis Pendens* is to give a subsequent purchaser of the affected property constructive notice of the pendency of an action. N.C. Gen. Stat. § 1-118 (2011). "[E]very person whose conveyance or incumbrance is subsequently executed or subsequently registered is a subsequent purchaser ... and is bound by all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action." *Id.*

> When a person buys property pending an action of which he has notice, actual or presumed, in which the title to it is in issue, from one of the parties to the action, he is bound by the judgment in the action, just as the party from whom he bought would have been.

*Hill v. Memorial Park*, 304 N.C. 159, 164, 282 S.E.2d 779, 782 (1981) (citation omitted). *Lis pendens* does not "protect intermeddlers." *Whitehurst v. Abbott*, 225 N.C. 1, 6, 33 S.E.2d 129, 133 (1945). If the subsequent purchaser was not bound by the judgment, "a party could always defeat the judgment by conveying in anticipation of it to some stranger and the claimant would be compelled to commence a new action against him." *Id.* Where a party prosecutes a suit "with proper diligence the *lis pendens* continues until the final judgment, or until it has been canceled under the directions of the court. The mere loss or destruction of the notice will not affect its efficiency, if the statute has been fully complied

with." *Arrington v. Arrington,* 114 N.C. 151, 159, 19 S.E. 351, 353 (1894) (citations omitted).

In the instant case, on 26 June 2008, plaintiffs filed a notice of *lis pendens* contemporaneously with the complaint seeking reformation of the Smiths' deed of trust. Since it is appropriate to file a *lis pendens* when seeking a reformation of a deed of trust, we find that plaintiffs' filing of the *lis pendens* was proper. *George,* 142 N.C. App. at 483, 542 S.E.2d at 702. In February 2011, the Burtons offered to purchase the property and retained an attorney to perform a title search of the property. During the title search, the Judgment Index in the office of the Clerk of Superior Court of Davidson County reflected, *inter alia,* a judgment lien and a *lis pendens,* file number 08 M 343, against the Smiths. Although the judgment lien was settled, the Burtons' attorney was unable to locate the *lis pendens,* file number 08 M 343, in the public records division of Davidson County. An inquiry was made to the Assistant or Deputy Clerk of Superior Court who informed the Burtons' attorneys that the file had been destroyed. The Assistant or Deputy Clerk indicated the file had been "sent to Raleigh." According to the Burtons' attorneys, the Assistant or Deputy Clerk informed the Burtons' attorneys that if the *lis pendens* was sent to Raleigh, it was "probably because the case was over." The Burtons' attorneys advised the Burtons accordingly.

The Smiths conveyed the property to the Burtons and the Burton Deed was recorded on 12 April 2011. When plaintiffs discovered the Burton Deed, they informed the Burtons' attorneys about the instant case. The Burtons intervened in the present action. As intervenors, the Burtons claimed they were innocent purchasers for value. According to *Hill,* a purchaser claiming protection under North Carolina registration laws as an innocent purchaser for value will depend on whether they had notice of the *lis pendens.* 304 N.C. at 165, 282 S.E.2d at 783.

The affidavits submitted by the Burtons' attorney indicated that "no reasonably prudent title searcher would have located a copy of the Lis Pendens in this matter" because when they originally searched the title they were informed that the file had been "sent to Raleigh ... probably because the case was over." Furthermore, "[n]o mention was made by anyone in the office of the Clerk of Superior Court of Davidson County at that time concerning the destruction of the Lis Penden[s] or the existence of any microfilm...." However, once plaintiffs' attorneys informed the Burtons' attorneys about the existence of the *lis pendens,* the Burtons' attorney spoke with the Clerk of Superior Court of Davidson County and discovered that files are microfilmed prior to destruction

**REO PROPS. CORP. v. SMITH**

[227 N.C. App. 298 (2013)]

and the microfilm is located in the office of the Clerk of Superior Court in Davidson County.

To support their position, the Burtons' attorney referenced a letter from Paul Rush Mitchell, PA ("Mitchell"), an attorney who performed a title search on the property for the City of Thomasville, prior to the condemnation. In the letter he indicated that he "found no outstanding Deeds of Trust against the property...." However, Mitchell also completed an affidavit for the summary judgment hearing, indicating that he was asked to perform a "limited title search from the current owner forward" and that when he was checking the file he noticed the *lis pendens*, but neglected to follow up on it by checking the courthouse records. Mitchell further indicated that he was aware that files are microfilmed and kept by the Clerk of Superior Court of Davidson County, that in the past when he had been told files were "sent to Raleigh" he was able to request them from the Clerk and typically received copies of the files within a half-day or a day. In his opinion, the record of the *lis pendens* remains a public record, despite its physical destruction and that a prudent title searcher would conduct further investigation.

Plaintiffs submitted an affidavit from Brian L. Shipwash ("Shipwash"), the Clerk of Superior Court of Davidson County. Shipwash confirmed that the *lis pendens* was properly docketed and cross-indexed, that the physical copy was destroyed, a microfilm copy was made, kept on record and that the record was "available to any party requesting a copy of the same." Plaintiffs also submitted an affidavit from Irvin Sink ("Sink"), an attorney who performed title searches in Davidson County. Sink performed a title search on the property and noticed the mistake in the legal description of the Deed of Trust. In addition, he saw that a *lis pendens* had been filed. When Sink requested a copy at the Clerk's office, he was told that the copy "had been physically destroyed but that an electronic or microfilm image of the same was available for review and inspection." Furthermore, Sink indicated that he was aware of the procedure of destroying files in Davidson County and that the files were maintained either electronically or on microfilm by the Clerk's office and were also located in the State Archives in Raleigh.

The Burtons claim that the fact that the Davidson County Clerk of Superior Court destroyed the record means that the *lis pendens* was no longer a public record. Therefore, they claim they were bonafide purchasers for value because they had no notice of the *lis pendens*. In support of their argument, the Burtons cite N.C. Gen. Stat. §§ 121-5 and 132-3 which state that a person may not destroy a public record

*"without the consent* of the Department of Cultural Resources[.]" N.C. Gen. Stat. §§ 121-5(b); 132-3(a) (2011) (emphasis added). N.C. Gen. Stat. § 121-5(b) further indicates, however, that the records may be destroyed "[w]hen the custodian of any official records of any county, city, municipality, or other subdivision of government certifies to the Department that such records have no further use or value for official business" and the Department certifies this fact. *Id.* In addition, the statute specifically requires the Department of Cultural Resources to set up a program to help microfilm official county records with permanent value. N.C. Gen. Stat. § 121-5 (c) (2011). Furthermore, public records with permanent value are kept "in the custody of the agency in which the records are normally kept or of the North Carolina State Archives" and may be accessed by the public. N.C. Gen. Stat. § 121-5 (d) (2011).

Despite the Burtons' contention, nothing in the statute indicates that destruction of the records, with approval, makes that record no longer a public record. The Burtons claim that "[m]icrofilms of destroyed records ... kept by the Clerk of Superior Court in a private cache, not generally available and open for inspection by the general public, are not public records." However, Shipwash stated that the *lis pendens* "was and is a public record of Davidson County, North Carolina and has at all times since its filing been available to any party requesting a copy of the same from my office." In addition, Sink indicated that he knew about the microfilm and was able to access it. Furthermore, the Assistant or Deputy Clerk's statement to the Burtons' attorneys that the documents "had been sent to Raleigh" suggests that the files were maintained by the North Carolina State Archives. There is no support for the Burtons' contention that the microfilm was unavailable to the public or that the *lis pendens* was not a public record.

The Burtons were subsequent purchasers for value, not innocent purchasers for value, since they should have discovered the notice of *lis pendens*. Thus, they are "intermeddlers," and a Notice of *Lis Pendens* is not "designed to protect intermeddlers." *Whitehurst*, 225 N.C. at 6, 33 S.E.2d at 133. Therefore, the Burtons cannot assert their own defenses to plaintiffs' action, but rather shall be subject to the judgment in the reformation case. Since we have determined that the Burtons cannot assert defenses to plaintiffs' action, there is no need to address whether plaintiffs were the holders of the Note or whether plaintiffs filed the action outside of the statute of limitations. The trial court erred by dismissing the action, granting the Burtons' motion for summary judgment and denying plaintiffs' motion for summary judgment on the subject of *lis pendens*, the real issue in the case.

**[2]** On cross-appeal, the Burtons appealed the trial court's order denying their motion for attorneys' fees and expenses pursuant to N.C. Gen. Stat. § 6-21.5. Their cross-appeal brief addresses attorneys' fees and costs pursuant to N.C. Gen. Stat. § 6-21.5 and § 6-19, however those statutes only allow an award of attorneys' fees to the prevailing party. N.C. Gen. Stat. §§ 6-21.5; 6-19 (2011); *see also Morgan v. Steiner*, 173 N.C. App. 577, 580, 619 S.E.2d 516, 518 (2005). As we have determined that the trial court erred in granting the Burtons' motion for summary judgment, and thus they are no longer the prevailing party, there is no need to address the merits of their cross-appeal and it is dismissed.

Reversed and Remanded.

Judges BRYANT and GEER concur.